**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 9, 2003**

PARKWOOD LIMITED DIVIDEND
HOUSING ASSOCIATION,

    Plaintiff-Appellee,

v                                     Nos. 120410, 120411

STATE HOUSING DEVELOPMENT AUTHORITY,

    Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH

MARKMAN, J.

    We granted leave to appeal to consider the jurisdiction of the Court of Claims over this case, which involves a contractual claim for declaratory judgment against a state agency. The Court of Appeals, relying on *Silverman v Univ of Michigan Bd of Regents*, 445 Mich 209; 516 NW2d 54 (1994), determined that the Court of Claims lacked subject-matter

jurisdiction because the complaint did not request monetary damages. Because we conclude that the Court of Claims has exclusive jurisdiction over the claim, we reverse the judgment of the Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

In 1973, plaintiff, a limited dividend housing association, received a mortgage from defendant Michigan State Housing Development Authority to finance the construction of an apartment complex for low-income and moderate-income residents. In September 1998, plaintiff informed defendant of its intention to pay off the mortgage on October 1, 1998, and requested a payoff letter showing the amount due. Plaintiff also inquired whether the balances in all escrow and reserve accounts would be applied against the amount due or paid directly to plaintiff. In response, defendant indicated that it would retain any amounts remaining in the accounts after payment of the full limited dividend to which plaintiff was entitled.[1] Plaintiff then filed a "Complaint for Declaratory

---

[1] The State Housing Development Authority Act, MCL 125.1493(b), allows the authority to establish a reasonable and proper rate for cumulative dividends payable to members of limited dividend housing associations and provides that on dissolution of the limited dividend housing association, any surplus shall be paid to the authority:

> That every member of a limited dividend housing association shall be deemed, by acceptance of a beneficial interest in the limited dividend
>                                           (continued...)

2

Relief" in the Wayne Circuit Court, seeking a declaration that the money contained in certain escrow accounts belonged to plaintiff and that plaintiff would be entitled to possession of the accounts when plaintiff paid the full balance due under the mortgage. The circuit court dismissed the case, finding that the claim was within the exclusive jurisdiction of the Court of Claims.

Plaintiff appealed from the circuit court's dismissal, and refiled its complaint in the Court of Claims. Both parties filed motions for summary disposition. The Court of Claims granted summary disposition for defendant. Plaintiff appealed from the Court of Claims judgment.

The Court of Appeals consolidated plaintiff's two appeals and, in a split decision, reversed.[2] The majority determined

---

[1](...continued)
housing association or by executing the document of basic organization, to have agreed that he or she at no time shall receive from the limited dividend housing association any return in excess of the face value of the investment attributable to his or her respective interest plus cumulative dividend payments at a rate which the authority determines to be reasonable and proper, computed from the initial date on which money was paid or property delivered in consideration for the interest; and that upon the dissolution of the limited dividend housing association, any surplus in excess of those amounts shall be paid to the authority or to any other regulating governmental body as the authority directs.

[2] Unpublished opinion per curiam, issued October 26, 2001
(continued...)

that, because plaintiff's complaint sought only a declaratory judgment concerning the ownership of certain money, contingent on certain circumstances, and did not seek monetary damages, the circuit court possessed subject-matter jurisdiction. Additionally, the majority concluded that because the Court of Claims only has jurisdiction over claims for monetary damages, and because plaintiff's complaint did not seek monetary damages, the Court of Claims lacked subject-matter jurisdiction and its rulings were void.

The dissenting Court of Appeals judge concluded that the claim would ultimately result in money damages if plaintiff were granted the relief requested in the complaint, and, therefore, that the case was properly before the Court of Claims.

Defendant filed an application for leave to appeal, and plaintiff filed an application for leave to cross-appeal the Court of Claims decision on its merits. We denied plaintiff's application and granted defendant's application, directing the parties to address the jurisdictional question in the context of the relevant statutes, MCL 600.6419 and 600.6419a, and this Court's decision in *Silverman*.[3]

---

[2](...continued)
(Docket Nos. 218433, 229448).

[3] 467 Mich 896 (2002).

4

## II. STANDARD OF REVIEW

In order to resolve this jurisdictional issue, we must consider the Court of Claims Act. This is a question of statutory construction, which is reviewed de novo as a question of law. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002).

## III. DISCUSSION

### A. STATUTORY PROVISIONS

The jurisdiction of the Court of Claims is provided by statute. The main statutory provision, MCL 600.6419, grants the Court of Claims exclusive jurisdiction over certain claims against the state and its subparts:

> (1) Except as provided in sections 6419a and 6440, the jurisdiction of the court of claims, as conferred upon it by this chapter, shall be exclusive. . . . The court has power and jurisdiction:
>
> (a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies.

In regard to the jurisdiction of the circuit courts, MCL 600.6419 provides:

> (4) This chapter shall not deprive the circuit court of this state of jurisdiction over . . . proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court . . . .

5

Additionally, MCL 600.6419a, which was added in 1984, gives the Court of Claims concurrent jurisdiction with the circuit courts over any claim for equitable and declaratory relief that is ancillary to a claim filed under § 6419:

> In addition to the powers and jurisdiction conferred upon the court of claims by section 6419, the court of claims has concurrent jurisdiction of any demand for equitable relief and any demand for a declaratory judgment when ancillary to a claim filed pursuant to section 6419. The jurisdiction conferred by this section is not intended to be exclusive of the jurisdiction of the circuit court over demands for declaratory and equitable relief conferred by section 605.[4]

### B. CASE LAW

Michigan courts have interpreted § 6419(1)(a) "as limiting the jurisdiction of the Court of Claims to actions for money damages." *AuSable Manistee Action Council, Inc v Michigan*, 182 Mich App 596, 598; 452 NW2d 832 (1989) (citations omitted). This interpretation was first set forth in *Taylor v Auditor Gen*, 360 Mich 146, 151; 103 NW2d 769 (1960), which was decided before the 1984 amendment, when this Court, noting that the Court of Claims was created as a court of limited jurisdiction having "no 'equity side' as that term

---

[4] MCL 600.605 provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

is employed in respect of the jurisdiction of Michigan courts," concluded that the Court of Claims did not possess jurisdiction over declaratory-judgment actions.

Relying on *Taylor*, Michigan courts have since adhered to the view that the Court of Claims lacks jurisdiction over a claim that is solely for declaratory relief. See, e.g., *AuSable*, *supra* at 598; *77th Dist Judge v Michigan*, 175 Mich App 681, 699; 438 NW2d 333 (1989). However, in *Greenfield Constr Co, Inc v Dep't of State Hwys*, 402 Mich 172; 261 NW2d 718 (1978), six participating justices agreed, in five separate opinions, that the circuit court lacked jurisdiction over the plaintiff's suit for declaratory judgment against a state department.[5] *Id*. at 198 (opinion by RYAN, J., COLEMAN and FITZGERALD, JJ., concurring), 202 (opinion by LEVIN, J., KAVANAGH, C.J., concurring), 231 (WILLIAMS, J., concurring that the circuit court lacks jurisdiction over a citizen suit against a government agency for a declaratory judgment).

After the addition of § 6419a, the Court of Appeals noted that, "The holding in *Taylor*, premised on the absence of an equity side to the Court of Claims, was discredited in view of the subsequent abolition of procedural distinctions between

---

[5] Three justices also opined that the Court of Claims has jurisdiction over a declaratory-judgment action against the state. *Id*. at 200 (concurring opinion of COLEMAN, J.), 230 (opinion by LEVIN, J., KAVANAGH, C.J., concurring).

the law and equity sides of a court docket." *77th Dist Judge*, *supra* at 699. Nonetheless, the Court in *77th Dist Judge* concluded "declaratory judgment is appropriate in the Court of Claims only if the underlying dispute or controversy is of a nature lending itself to an eventual remedy in money damages against the state or one of its branches." *Id*. at 700.

In 1994, this Court in *Silverman*, *supra* at 216-217, noted the uncertainty regarding the Court of Claims jurisdiction over declaratory claims before the addition of § 6419a. According to *Silverman*, with the enactment of § 6419a, "the Legislature authorized the Court of Claims to exercise jurisdiction over claims for declaratory and equitable relief against the state, provided that the plaintiff's suit also seeks money damages from the state or one of its agencies." *Id*. at 217. Significantly, *Silverman* also noted that the actual "nature of the claim," not how the plaintiff phrases the request for relief, controls whether the Court of Claims possesses jurisdiction. *Id*. at 216 n 7.

## C. ANALYSIS

Plaintiff concedes that this case involves a contract-based claim. However, plaintiff argues that, inasmuch as the complaint sought declaratory relief only, the Court of Claims did not possess jurisdiction, because MCL 600.6419(1)(a), interpreted in light of MCL 600.6419a, only grants the Court

8

of Claims exclusive jurisdiction over complaints that request monetary damages. Defendant, on the other hand, argues that, because this is a contract-based claim against a state agency, it comes squarely within the exclusive jurisdiction of the Court of Claims under § 6419(1)(a).

In order to resolve the jurisdictional question presented, we must first consider the "nature of the claim." Plaintiff's prayer for relief states:

> WHEREFORE, Plaintiff requests that the court adjudicate and declare that the accounts which are the subject of this complaint are assets belonging to Plaintiff, subject to Defendant's custodial rights while the mortgage is in force, and that Plaintiff shall be entitled to sole possession of the accounts at the time Plaintiff pays the full balance due under Defendant's mortgage. Plaintiff also requests its costs and attorney fees and such other relief as the court determines to be just.

From the face of the complaint, it is apparent that plaintiff is seeking a declaration regarding its entitlement to money in certain accounts, at such time that it prepays the mortgage. Pursuant to MCR 2.605(A)(1),

> [i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

Considering the language of the court rule, it appears that plaintiff is seeking a court declaration regarding its rights relative to the contract between the parties. Plaintiff does

9

not directly request monetary damages,[6] although the complaint pertains to money that is contained in certain accounts. Instead, plaintiff asks for a court ruling regarding its rights and the effects of its future actions. Thus, plaintiff's complaint may be properly characterized as seeking solely declaratory relief.

In light of our conclusion that this case involves a complaint for declaratory relief only, we must next consider whether this claim falls within the exclusive jurisdiction of the Court of Claims pursuant to § 6419(1)(a). In resolving this issue of statutory interpretation, our primary aim is to effect the intent of the Legislature. *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). First, we examine the language of the statute. *Id*. "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Id*., citing *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001).

The plain language of § 6419(1)(a), the primary source of jurisdiction for the Court of Claims, does not refer to claims for money damages or to claims for declaratory relief.

---

[6] It is noteworthy, however, that at oral argument, plaintiff's counsel indicated that this case "involves a million and a half dollars approximately," and thus that the losing party will likely seek to return to this Court for consideration of the merits of the case.

Rather, in broad language, this provision grants the Court of Claims exclusive jurisdiction of "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state . . . ." Because the present case involves a contract-based claim for declaratory relief against a state agency, we conclude that it falls within the exclusive jurisdiction of the Court of Claims under the plain language § 6419(1)(a).[7]

In reaching this conclusion, we recognize that in *Silverman* this Court suggested that the circuit court is the appropriate forum for complaints against the state that request only declaratory relief. *Silverman*, *supra* at 217 ("A complaint seeking only money damages against the state must be filed in the Court of Claims. A complaint seeking only equitable or declaratory relief must be filed in circuit court."). As previously discussed, the idea that the Court of Claims lacks jurisdiction over declaratory-judgment actions was first articulated by this Court in *Taylor* in 1960 and was premised on the lack of an equity side to the Court of Claims. Subsequently, the Court of Appeals in *77th Dist Judge*, *supra*

---

[7] We construe the enactment of § 6419a as having *added to* this jurisdiction by clarifying that the Court of Claims also has jurisdiction over *other* declaratory and equitable claims, specifically, those that relate neither to contract nor tort—over which the circuit court would otherwise have exclusive jurisdiction—when those claims are ancillary to a claim within the court's exclusive jurisdiction under § 6419.

11

at 699, indicated that *Taylor*'s holding was "discredited" on the basis of the later "abolition of procedural distinctions between the law and equity sides of a court docket." Despite this, and despite the plain language of the statute, cases have continued, with the exception of *Greenfield*, to interpret the jurisdiction granted by § 6419(1)(a) as extending only to claims for money damages. As we have indicated, however, § 6419(1)(a) clearly provides the Court of Claims with exclusive jurisdiction over "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state . . . ." In light of this language, we conclude today that the grant of exclusive jurisdiction conveyed to the Court of Claims by § 6419(1)(a) includes jurisdiction over declaratory-judgment actions against the state that involve contract or tort without more; that is, the claim need not expressly claim money damages. We disavow any contrary statements found in *Taylor* and *Silverman*.[8]

In reaching this conclusion, we recognize that, with regard to the jurisdiction of the circuit court, our

---

[8]In addition, we disavow similar statements contained in various Court of Appeals cases, including *77th Dist Judge* and *AuSable*.

However, we specifically reaffirm the statements in *Silverman* recognizing that the nature of the claim, rather than how the plaintiff phrases the request for relief, controls how a court will characterize the claim.

constitution provides that "[t]he circuit court shall have original jurisdiction in all matters not prohibited by law . . . ." Const 1963, art 6, § 13.[9] In addition, § 6419(4) recognizes that the circuit court has jurisdiction over

> proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court . . . .

In our view, § 6419(1)(a), by its explicit grant of exclusive jurisdiction to the Court of Claims of "all claims and demands . . . ex contractu and ex delicto" against the state, deprives "by law" the circuit court of jurisdiction over these types of claims. Under the language of MCL 600.605, § 6419(1)(a) is an instance "where exclusive jurisdiction is given . . . by statute to some other court . . . ." Thus, we construe § 6419(4) as maintaining the jurisdiction of the circuit court over those declaratory claims against the state that do not involve contract or tort.[10]

---

[9] Similarly, MCL 600.605, which is quoted in its entirety in n 4, grants circuit courts jurisdiction over "all civil claims and remedies, *except where exclusive jurisdiction is given . . . by statute to some other court . . . .*" (Emphasis added.)

[10] This jurisdiction of the circuit court is concurrent with the jurisdiction of the Court of Claims over such claims in the circumstances set out in § 6419a, see n 7. That is, when such a declaratory action is ancillary to another claim within the Court of Claims exclusive jurisdiction under § 6419, the circuit court and the Court of Claims have
(continued...)

13

## IV. CONCLUSION

For these reasons, we conclude that the Court of Claims possesses exclusive subject-matter jurisdiction over this case, which involves a contract-based complaint against a state agency seeking solely declaratory relief. Today we hold that pursuant to the plain language of § 6419(1)(a), the Court of Claims has exclusive jurisdiction over complaints based on contract or tort that seek solely declaratory relief against the state or any state agency. We disavow any contrary statements found in our prior case law that have seemingly interpreted § 6419(1)(a) as granting the Court of Claims jurisdiction over claims for money damages only. We, therefore, reverse the judgment of the Court of Appeals on the jurisdictional issue. We remand to the Court of Appeals for consideration of the merits of the Court of Claims rulings, which were not previously considered.

> Stephen J. Markman
> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.

---

[10](...continued)
concurrent jurisdiction over the declaratory action.

14

PARKWOOD LIMITED DIVIDEND
HOUSING ASSOCIATION,

    Plaintiff-Appellee,

v                          Nos. 120410, 120411

STATE HOUSING DEVELOPMENT AUTHORITY,

    Defendant-Appellant.

_____

YOUNG, J. (*concurring*).

I concur with the majority because it sets forth a reasonable interpretation of MCL 600.6419(1), MCL 600.6419(4), and MCL 600.6419a.  However, I write separately to encourage the Legislature to reexamine these poorly drafted statutes.

It is extremely rare that the meaning of a statute cannot be plainly or constructively ascertained.  If the clear and unambiguous text does not provide a statute's meaning, then an application of the well-established rules of statutory construction usually resolves any ambiguity.  I believe the statutes conferring jurisdiction on the Court of Claims may present one of those extremely rare instances where the

meaning of a statute, or set of statutes, cannot be clearly determined through this process.

While the majority selects a reasonable interpretation of the Court of Claims statutory authority to resolve this plaintiff's complaint,[1] a study of MCL 600.6419(1), MCL 600.6419(4), and MCL 600.6419a suggests a host of potential jurisdictional ambiguities that cannot be easily resolved by the usual modes of judicial analysis.

Perhaps more important, because the jurisdictional provisions set forth in the Court of Claims Act are unquestionably less than clear, it is possible that a future court may find the jurisdictional reach of the Court of Claims to be inconsistent with current practice. Because lack of subject matter jurisdiction is a challenge that can be brought at *any* time, even *after* a case is concluded, the effect of such an interpretation could prove to be a significant barrier to finality and thus to the efficient administration of justice.

Simply put, in my judgment, the statutory scheme enacted by the Legislature is a textbook example of poor draftsmanship. Because easily applicable subject matter jurisdiction guidelines are a basic and necessary prerequisite

---

[1]For example, compare *Silverman v Univ of Michigan Bd of Regents,* 445 Mich 209; 516 NW2d 54 (1994), which presents, in my view, an alternative reasonable construction.

to an efficient judicial system, I strongly encourage the Legislature to reconsider the jurisdictional provisions in the Court of Claims Act, MCL 600.6401 *et seq.,* and to make more clear its intent concerning the scope of the Court of Claims jurisdiction, including the jurisdictional relationship between the Court of Claims and our circuit courts.

Robert P. Young, Jr.