# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 3, 2012

143721

MASON COUNTY and OCEANA COUNTY,
      Plaintiffs-Appellees,

v

DEPARTMENT OF COMMUNITY HEALTH,
DIRECTOR OF DEPARTMENT OF
COMMUNITY HEALTH, DIRECTOR OF
COMMUNITY MENTAL HEALTH SERVICES
BUREAU, and DIRECTOR OF PROGRAM
DEVELOPMENT CONSULTATIONS &
CONTRACTS DIVISION,
            Defendants-Appellants,
and

WEST MICHIGAN COMMUNITY MENTAL
HEALTH SYSTEM, and RICHARD
VANDENHEUVEL,
            Defendants-Appellees.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143721
COA: 295365
Mason CC: 08-000269-CK

On order of the Court, the application for leave to appeal the August 2, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent, and would grant leave to appeal. Defendant West Michigan Community Mental Health System (WMCMHS) refused to make lease payments on buildings it leased from plaintiffs Mason and Oceana Counties because the Department of Community Health (DCH), which funds WMCMHS, considered the lease agreements not to be arm's-length transactions within the meaning of an Office of Management and Budget Circular, with which a contract between WMCMHS and codefendant DCH requires compliance. The circuit court granted plaintiffs' motion for summary disposition, and in a published opinion, the Court of Appeals affirmed.

Codefendant DCH argues that the Court of Claims has exclusive jurisdiction in this case because plaintiffs' claims pertain to the state's contracts with WMCMHS and require state payments to WMCMHS. The Court of Claims has exclusive jurisdiction "[t]o hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MCL 600.6419(1). In *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763 (2003), we held that the Court of Claims has exclusive jurisdiction over a declaratory judgment action directly involving a state contract.

In this case, the circuit court held that it had jurisdiction because the witnesses are all "local individuals." The Court of Appeals affirmed because this is a "simple breach of contract [action] between two parties . . . neither of which is a state agency," and stated:

> That breach of the contract between plaintiffs and WMCMHS occurred as a result of WMCMHS's contract with defendants. Not being parties to the contract between defendants and WMCMHS, however, plaintiffs have no rights under that contract and could not seek a declaratory ruling regarding the contract with the state at the Court of Claims. [*Mason Co v Dep't of Community Health*, 293 Mich App ___, ___ (2011), slip op at 5.]

The concern I have with this analysis is that plaintiffs *did* also bring this cause of action against DCH, and the issue decided by the circuit court was whether WMCMHS would be breaching its contract with DCH if it made the lease payments to plaintiffs. Thus, the action was (a) brought against a state department and (b) involved the interpretation of a state contract. In order to avoid raising unnecessary confusion concerning the exclusive jurisdiction of the Court of Claims, I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 3, 2012

Corbin R. Davis

Clerk