*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAMIE GRAZIANO, GEORGE LOUIS
CORSETTI, JIM WEST, and STEVE BABSON,

        Plaintiffs-Appellants,

v

JONATHAN BRATER, in his official capacity as
Director of Elections and Secretary of the Board of
State Canvassers,

        Defendant-Appellee.

FOR PUBLICATION
July 21, 2022
9:10 a.m.

No. 358913
Court of Claims
LC No. 21-000108-MZ

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

BOONSTRA, J.

        Plaintiffs appeal by right the order of the Court of Claims granting summary disposition in favor of defendant under MCR 2.116(C)(4) and (C)(8). Because we agree that the Court of Claims lacked subject-matter jurisdiction, we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

        This is the fourth time the subject matter of this appeal has reached this Court. Plaintiffs represent that they are registered electors who each signed an initiative petition promulgated by the Committee to Ban Fracking in Michigan (the Committee). On May 22, 2015, the Committee began circulating a petition and collecting signatures to ban horizontal, hydraulic fracturing—commonly known as "fracking"—in Michigan. See *Comm to Ban Fracking in Mich v Bd of State Canvassers*, 335 Mich App 384, 388; 966 NW2d 742 (2021). By November 18, 2015, which was the 180th day after the petition circulation began, plaintiffs had collected fewer than the 252,523

signatures required for an initiative petition.[1]  *Id.*  By June 1, 2016, the Committee still had not collected enough signatures.  *Id.*

The Committee filed suit in the Court of Claims, challenging the constitutionality of MCL 168.472a, which provides that an initiative-petition signature shall not be counted if it was made more than 180 days before the filing of the initiative-petition.  *Id.*  The Court of Claims granted summary disposition in favor of the defendants[2] on the basis that the Committee had not asserted an actual controversy because it had not collected enough signatures or submitted its initiative petition.  *Id.* at 389.  This Court affirmed, holding that the Court of Claims had properly dismissed the complaint because no actual controversy ripe for declaratory relief existed.  *Id.*

By November 5, 2018 (the day before the 2018 general election), the Committee represented that it had amassed about 270,962 signatures.  *Id.* at 389.  The Committee submitted the petition to the Secretary of State, seeking to place its proposal on the ballot for the 2020 general election.  *Id.*  The Director of Elections refused to accept the petition because the petition stated that it would be voted on in 2016, and that date had already passed.  *Id.*  The Committee again filed suit in the Court of Claims, and the Court of Claims again granted summary disposition in favor of the defendants.[3]  On appeal, this Court ordered the Secretary of State to accept the petition and forward it to the Board of Canvassers (the Board) for review.  *Id.* at 389-390.

On June 8, 2020, the Board certified that the Committee's petition was insufficient because approximately 89% of the signatures were collected more than 180 days before the petition was submitted.  *Id.*  The Committee then filed a complaint for a writ of mandamus in the Michigan Supreme Court, asking the Supreme Court to "declare the 180-day rule in MCL 168.472a unconstitutional."  *Id.* at 390-391.  The Michigan Supreme Court denied the requested mandamus relief.  *Comm to Ban Fracking in Mich v Bd of State Canvassers*, 505 Mich 1137, 1137; 944 NW2d 723 (2020) ("[T]he Court is not persuaded that it should grant the requested relief.").

On July 6, 2020, the Committee filed another action in the Court of Claims.  Naming the Board as the defendant, the Committee sought a declaration that the 180-day rule in MCL 168.472a was unconstitutional as applied to statutory-initiative petitions.  The Committee argued that the 180-day rule unconstitutionally infringes on Const 1963, art 2, § 9, which reserves to the people the right to propose laws through initiative petitions.  *Comm to Ban Fracking*, 335 Mich App at 391.  The Court of Claims concluded that it lacked subject-matter jurisdiction over the Committee's claims because MCL 168.479(2) required that any challenge to the Board's decision

---

[1] Article 2, §9 of the Michigan Constitution provides that the required number of registered voter signatures is "not less than eight percent for [an] initiative . . . of the total vote cast for all candidates for governor at the last preceding general election at which a governor was elected[.]"

[2] Named as defendants in that case were the Director of Elections, the Secretary of State, and the Board of State Canvassers.

[3] Again, the named defendants were the Director of Elections, the Secretary of State, and the Board of State Canvassers.

on an initiative petition be filed in the Michigan Supreme Court; it accordingly granted summary disposition in favor of the Board. *Id*. at 392.

The Committee appealed the Court of Claims' determination that it lacked subject-matter jurisdiction, arguing that "our Supreme Court's jurisdiction under MCL 168.479 is actually nonexclusive because MCL 600.6419 vests the Court of Claims with exclusive jurisdiction to hear claims for declaratory relief against the state." *Id*. This Court rejected the argument and concluded that MCL 168.479—as the more recent and specific statute—"creates an exception to the exclusive jurisdiction of the Court of Claims and controls in this case." *Id*.

The Committee also argued that because MCL 168.479(1) provided that a person "may" have a determination by the Board reviewed in the Michigan Supreme Court, it was entitled to file a later suit in the Court of Claims after the Michigan Supreme Court denied mandamus relief. *Id*. at 396. This Court rejected that argument, noting that "[t]he stated purpose of MCL 168.479 is to have our Supreme Court decide any legal challenge to the sufficiency or insufficiency of an initiative petition as promptly as possible." *Id*. at 397. This Court concluded that while MCL 168.479(1) reflected a permissive invitation to seek a review of the Board's determination, that section must be read together with MCL 168 479(2), which clearly requires that any such legal challenge be filed in the Michigan Supreme Court. *Id*. at 396-397. The Court accordingly held that the Court of Claims lacked subject-matter jurisdiction over the Committee's claims. *Id*. at 397-398.

In 2021, plaintiffs filed this action in the Court of Claims as "registered Michigan electors who signed a statutory initiative petition under Const 1963, art 2, § 9 but whose signatures were barred from being counted due to the 180-day restriction of MCL 168.472a." In Count I, plaintiffs asserted a violation of Const 1963, art 2, § 9 (concerning initiative petitions). In Count II, plaintiffs alternatively asserted violations of Const 1963, art 1, § 17 (concerning due process), art 3, § 2 (concerning separation of powers), and art 6, §§ 4-5 (concerning separation of powers) and § 28 (concerning judicial review of agency decisions). Plaintiffs requested that the court declare MCL 168.479a unconstitutional as applied to petitions under Const 1963, art 2, § 9, issue an injunction requiring defendant to canvass plaintiffs' petition signatures and the signatures of similarly situated electors, issue a report crediting the countability of the signatures, and award any other equitable and just relief.

Defendant moved for summary disposition under MCR 2.116(C)(4) and (8), arguing that plaintiffs were challenging a determination by the Board regarding the sufficiency of an initiative petition and that their claims were thus controlled by MCL 168.479. According to defendant, MCL 168.479 did not permit plaintiffs to file their challenge in the Court of Claims; therefore, the Court of Claims lacked subject-matter jurisdiction to hear it. Additionally, defendant argued that plaintiffs lacked standing to challenge the constitutionality of MCL 168.479 and that, in any event, MCL 168.479 was constitutional.

The Court of Claims granted defendant's motion, concluding that it lacked subject-matter jurisdiction to hear plaintiffs' challenge to the Board's determination regarding the sufficiency of a petition. The court concluded that plaintiffs' claim should have been filed in the Michigan Supreme Court. The Court of Claims further rejected defendant's standing argument and held that

MCL 168.479 did not violate separation-of-powers principles, did not deprive plaintiffs of notice and an opportunity to be heard, and was not otherwise constitutionally deficient.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a lower court's grant of summary disposition under MCR 2.116(C)(4). *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). When doing so, "this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Id*. (quotation marks and citation omitted).

This Court reviews de novo questions involving the interpretation and application of statutes. *Linden v Citizens Ins Co of America*, 308 Mich App 89, 91; 862 NW2d 438 (2014), lv den 498 Mich 880 (2015). When interpreting a statute, this Court seeks to give effect to the intent of the Legislature. *Comm to Ban Fracking*, 335 Mich App at 393. "The language of the statute itself is the primary indication of the Legislature's intent." *Id*. This Court gives statutory language its fair and natural meaning, considers the subject matter of the law, and reads statutes as a whole rather than reading statutory provisions in isolation. *Id*. "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). "When parsing a statute, we presume every word is used for a purpose." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

## III. ANALYSIS

Plaintiffs argue that the Court of Claims improperly determined that it lacked subject-matter jurisdiction. We disagree.

Subject-matter jurisdiction is the power of the court to decide the *type* of case—not the particular case before it. *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992). This Court "look[s] beyond the mere procedural labels to determine the exact nature of the claim." *Altobelli v Hartmann*, 499 Mich 284, 299; 884 NW2d 537 (2016). The gravamen of an action is determined by considering the claim itself. *Id*.

The Court of Claims is not a court of general jurisdiction; its jurisdiction is conferred by statute. See *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767–768, 664 NW2d 185 (2003); see also MCL 600.6401 *et seq*. No statute explicitly confers upon the Court of Claims the jurisdiction to hear challenges to the Board's determination regarding the sufficiency of an initiative petition. In fact, MCL 168.479 provides in pertinent part:

> (1) Notwithstanding any other law to the contrary and subject to [MCL 168.479(2)], any person who feels aggrieved by any determination made by the board of state canvassers *may have the determination reviewed by mandamus or other appropriate remedy in the supreme court.*

(2) If a person feels aggrieved *by any determination made by the board of state canvassers regarding the sufficiency or insufficiency of an initiative petition, the person must file a legal challenge to the board's determination in the supreme court* within 7 business days after the date of the official declaration of the sufficiency or insufficiency of the initiative petition or not later than 60 days before the election at which the proposal is to be submitted, whichever occurs first. Any legal challenge to the official declaration of the sufficiency or insufficiency of an initiative petition has the highest priority and shall be advanced on the supreme court docket so as to provide for the earliest possible disposition. [Emphasis added.]

The word "may" in subsection (1) gives the Michigan Supreme Court discretion to review the issue, and the word "shall" in subsection (2) provides the procedure by which the Board's decision is to be reviewed. *Comm to Ban Fracking*, 335 Mich App at 397. "MCL 168.479(2) is clear that any person challenging the determination made by [the Board] regarding sufficiency or insufficiency of an initiative petition is required to file a timely legal challenge in the Michigan Supreme Court." *Id*. at 396.

Plaintiffs argue that they are not challenging the Board's determination of the sufficiency of an initiative petition; instead, their position is that their signatures were unconstitutionally discounted. This is a distinction without a difference. The language of MCL 168.479 is clear—a challenge to *any* determination by the Board regarding the sufficiency or insufficiency of an initiative petition must be filed in our Supreme Court. No matter how artfully plaintiffs phrase their claims, it is clear that their challenge is to the Board's determination that the initiative petition at issue contained an insufficient number of valid signatures. The Board's duties include reviewing the petition's signatures and making determinations about them, and a determination of the Board regarding the sufficiency of a petition necessarily includes the Board's determination whether the petition's individual signatures are valid or invalid. Because MCL 168.479 applies to "any determination" of the Board, it squarely applies to plaintiffs' claims regarding the Board's determinations that their individual signatures were invalid. *Altobelli*, 499 Mich at 299.

Plaintiffs also argue that the Court of Claims erroneously speculated about their "subjective sentiments" and that it presumably based its allegedly erroneous holding on this speculation. We find no support for that claim in the record. Generally, this Court considers a court's statements in context and in the context of the issues raised by the parties. See *People v Lanzo Constr Co*, 272 Mich App 470, 479; 726 NW2d 746 (2006) (reviewing findings following a bench trial). In this case, the court stated that plaintiffs' complaint made it clear that "plaintiffs feel aggrieved by a determination of the Board of State Canvassers." However, MCL 168.479(1) uses the language "any person who feels aggrieved by any determination made by the board of state canvassers . . . ." Considering the court's statement in context, it was mirroring the statutory language, not basing its decision on plaintiffs' subjective feelings. Moreover, the Court of Claims reached the correct conclusion by virtue of sound legal reasoning; the court's statements about the plaintiffs' feelings do not undermine that conclusion.

Plaintiffs also argue that MCL 168.479 does not confer exclusive jurisdiction on the Michigan Supreme Court to hear challenges to the Board's determinations regarding initiative petitions; this position again is based on the use of the permissive word "may," rather than the

mandatory word "shall," in subsection 1. This issue was already considered in *Comm to Ban Fracking*, 335 Mich App at 397:

> Reading MCL 168.479(1) and (2) together, we conclude that the most logical interpretation of the statute is that the permissive word "may" in Subsection (1) provides that the Michigan Supreme Court may review the issue, and Subsection (2) establishes the procedure to have a decision made by defendant reviewed. To be clear, the permissive language in MCL 168.479(1) does not create a choice of forum for potential litigants; it merely serves as an invitation of judicial review to an aggrieved party.

We will not revisit this issue. See MCR 7.215(C)(2); *WA Foote Mem Hosp v Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004).

We conclude that the Court of Claims correctly determined that it lacked subject-matter jurisdiction. When a court determines that it lacks subject-matter jurisdiction, it lacks the authority to take further action apart from dismissing the case. *Bowie*, 441 Mich at 56. We decline to address plaintiffs' constitutional challenges in the context of this appeal, having resolved the case on other grounds. See *J & J Constr Co v Bricklayers & Allied Craftsmen, Local 1*, 468 Mich 722, 734; 664 NW2d 728 (2003), cert den 540 US 1142 (2004); see also *Comm to Ban Fracking*, 335 Mich App at 398 (declining to address constitutional issues after concluding that the Court of Claims lacked subject-matter jurisdiction).

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Michael J. Riordan