### SERVICE COAL COMPANY v. UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—ACCOUNTING—RECOVERY OF IMPROPERLY PAID ASSESSMENTS—EQUITY.

Employer's bill for accounting against the unemployment compensation commission will not lie to recover improperly charged or assessed contributions over period of 13 years under the unemployment compensation act merely because defendant might have paid unemployment compensation to persons which the commission had mistakenly claimed were plaintiff's employees, because of mutual mistake of law or fact resulting in unjust enrichment which should be corrected in equity, nor because right of recovery at law may, either in whole or in part, be barred by defense of statute of limitations (CL 1948, §§ 421.15[d], 609.13).

2. SAME—ACCOUNTING FOR IMPROPERLY PAID ASSESSMENTS—AFFIRMATIVE CASE.

Fact that defendant unemployment compensation commission may have paid unemployment compensation to some persons whom the commission had mistakenly claimed were employees of plaintiff was no part of plaintiff's affirmative case for an accounting for improperly paid assessments but was

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 12.5 (Supplement).
[1] Repayment of unemployment compensation benefits erroneously paid. 5 ALR2d 860.

rather defensive in nature which might be urged as a ground for minimizing recovery (CL 1948, § 421.15[d]).

3. SAME—ACCOUNTING FOR IMPROPERLY PAID ASSESSMENTS—MISTAKE.

Jurisdiction in equity was not available to plaintiff employer in suit for accounting for improperly paid assessments under the unemployment compensation act solely by reason of mutual mistake of law or fact.

4. SAME—JURISDICTION TO RECOVER IMPROPERLY PAID ASSESSMENTS —STATUTE OF LIMITATIONS.

Jurisdiction on the law side of the court to recover improperly paid assessments under the unemployment compensation act may not be nullified by a claim that recovery may, either in whole or in part, be barred by the defense of the statute of limitations (CL 1948, §§ 421.15[d], 609.13).

5. SAME—ASSESSMENTS—REMEDY FOR RECOVERY FROM COMMISSION —ASSUMPSIT—TRANSFER OF CAUSES.

Assessments under the unemployment compensation act are at least in the nature of taxes and the sole remedy for the recovery of such as have been improperly paid to the commission is an action on the law side of the court in assumpsit for money had and received, hence order transferring cause from equity to law side of the court was proper (CL 1948, § 421.15 [b, d]).

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 16, 1952. (Docket No. 48, Calendar No. 45,374.) Decided May 16, 1952.

Bill by Service Coal Company, a Michigan corporation, against Unemployment Compensation Commission to recover contributions claimed to have been improperly charged. Case transferred to law side of court. Plaintiff appeals. Affirmed.

*Harold F. Coyle,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for defendant.

· NORTH, C. J. This suit was commenced in chancery to recover contributions to the Michigan unemployment fund allegedly improperly charged against and made by plaintiff during the years 1937 to 1949, both inclusive. Defendant entered a special appearance and made a motion to dismiss plaintiff's bill in equity. This resulted in an order by the trial court transferring the case to the law side of the court. Thereafter plaintiff filed an amended bill of complaint and subsequently thereto plaintiff petitioned for a rehearing of defendant's motion which resulted in the case being transferred to the law side of the court. Plaintiff's petition was denied, and it has appealed.

Plaintiff is a Michigan corporation, engaged in the coal business in Wayne county, and for the delivery of its coal to purchasers, plaintiff contracts with an individual and pays him an agreed amount on a per ton basis; that individual makes deliveries in his own trucks, hires the drivers of the trucks, and pays them for their services, presumably out of money received from plaintiff. During the years 1937, 1938 and 1939, plaintiff made no contributions to the Michigan unemployment fund, on the theory that the sums paid by plaintiff to the owner of the trucks and by him to the truck drivers were not payments of wages by plaintiff to employees. In 1940 the Michigan unemployment compensation commission* determined that the money paid to the truck drivers was "wages" and that these men were plaintiff's employees. As a result, from 1937 to 1949, plaintiff, as alleged in its amended bill of complaint, made contributions to the Michigan unemployment fund totaling $2,990.37, on the basis of payments made to the truck drivers. But in 1950 the commis-

---

* Now the Michigan employment security commission. See PA 1936 (Ex Sess), No 1, § 3, as amended by PA 1951, No 251 (Stat Ann 1951 Cum Supp § 17.503).

sion changed its determination and ruled that the truck drivers were not employees of plaintiff and, hence, the contributions by plaintiff were not· required by law. The commission offered to refund to plaintiff the amounts it considered plaintiff had paid for the years 1947, 1948 and 1949. However plaintiff claims the offer was somewhat insufficient in amount. It refused defendant's offer, and instituted this suit in equity claiming the right of recovery for contributions made by it during the years 1937 to 1949, inclusive. The pertinent statutory provisions read:

"Any employer or employing unit improperly charged or assessed any contributions provided for under this act, may recover the amount improperly collected or paid, together with interest, in any proper action or suit against the commission; and the circuit court   *   *   *   shall have original jurisdiction of any action to recover any contributions improperly paid or collected whether or not such charge or assessment has been reviewed by the commission or heard or reviewed by a referee or the appeal board." CL 1948, § 421.15(d) (Stat Ann 1950 Rev § 17.515).

The statute contains no provision as to whether proceedings for recovery of "improperly charged or assessed" contributions should be brought on the law side or the equity side of the court. Defendant herein contends plaintiff has an adequate remedy at law, and therefore the transfer of the instant case to the law side of the court was proper. But plaintiff asserts it is entitled to present its suit by a bill in chancery. The reasons assigned by it in support of its contention are stated in its brief, substantially as follows: (1) Plaintiff has set forth in its amended bill of complaint facts requiring an accounting from defendant; and (2) that all of the contributions made by plaintiff were paid under an innocent mistake of

law or fact and the unjust enrichment which has resulted from such mistake should be corrected in equity. And, both in the brief and at the oral argument, plaintiff's counsel asserted the further reason that in a suit at law defendant might successfully assert plaintiff's claim, at least in part, was barred by the statute of limitations,* whereas that defense would not be tenable in this case in equity.

We are of the opinion that none of the above reasons asserted, nor all of them collectively, affords a tenable reason for holding that equity has jurisdiction. The claim that an accounting is required is based upon plaintiff's assertion in its brief that: "Possibly defendant has paid, during those years, unemployment compensation to some of these men" engaged in driving the trucks delivering coal for plaintiff. However, if such a defense is to be urged as a ground for minimizing the amount of recovery, obviously it is of interest only to defendant and is of no concern to plaintiff, except plaintiff's recovery might be minimized thereby; and further if such claim on the part of defendant were tenable it could be, and naturally would be, asserted by defendant. It is not an affirmative part of plaintiff's case. Nor, in a case of this character, can equitable jurisdiction be asserted solely on the ground of mutual mistake of law or fact. Likewise jurisdiction on the law side of the court may not be nullified by a claim on the part of a plaintiff that its right to recover may, either in whole or in part, be barred by a defendant's assertion of the defense afforded by the statute of limitations.

On the assumption, which we think is proper, notwithstanding plaintiff's contrary contention, that these contributions by plaintiff are in the nature of taxes, defendant, relying upon authorities about to

* See CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).— REPORTER.

be noted, correctly asserts that assumpsit is the proper action for the recovery of taxes and these contributions improperly paid or collected.

"The remedy to recover illegal taxes paid is in assumpsit for money had and received." *Salisbury* v. *City of Detroit,* 258 Mich 235.

"The sole purpose of plaintiffs' suit is the recovery of money paid for taxes. Such an action can be brought only on the law side of the court. See *Long* v. *Village of Dundee,* 159 Mich 320." *Paul* v. *City of Detroit,* 318 Mich 545, 551.

The correctness of defendant's contention that the contributions or assessments provided in the Michigan unemployment compensation act are at least in the nature of taxes, seems wholly justified by the following provisions in the act:

"The commission shall have the right to make assessments against any employer who fails to pay contributions or interest as required by this act. The commission shall immediately notify the employer of the assessment in writing.   *   *   *   And provided further, That any employer may pay an assessment under protest and file suit to recover the amount so paid, as provided under section 15(d) (partly quoted above) of this act. Unless an assessment is paid within 15 days after it becomes final the commission may issue a warrant under its official seal directed to the sheriff of any county of the State or to any State officer authorized to serve process commanding such sheriff or other officer to levy upon and sell the property of the employer used in connection with his business, found within his jurisdiction, for the payment of the amount of such contributions including penalties, interests, and the cost of executing the warrant. No property of such employer used in connection with his business shall be exempt from levy under such warrant." CL 1948, § 421.15(b) (Stat Ann 1950 Rev § 17.515).

The order of the circuit judge transferring plaintiff's suit to the law side of the court is affirmed. Costs to defendant.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.