OAKLAND COUNTY v DEPARTMENT OF HUMAN SERVICES

Docket No. 288812. Submitted June 23, 2010, at Detroit. Decided September 14, 2010, at 9:00 a.m.

Oakland County brought an action in the Court of Claims against the Department of Human Services, seeking declaratory relief and a refund of monies that defendant had withheld from plaintiff as a result of retroactive rate increases defendant implemented for expenses related to the supervision and transportation of children under the control of the Michigan Children's Institute. Plaintiff argued that the retroactive rate increases were illegal and thus that the funds were wrongfully withheld. Plaintiff sought a declaration that defendant was required to establish the cost of caring for the children each September, that the rates established by defendant in September could not go into effect until the following year, and that defendant was not entitled to retroactively establish or increase such rates. Defendant moved for summary disposition, contending that the Court of Claims did not have subject-matter jurisdiction because the action had not arisen out of contract or tort. The court, Thomas L. Brown, J., denied defendant's motion, concluding that the court had jurisdiction because plaintiff sought monetary damages. The Court of Appeals granted defendant's application for leave to appeal.

The Court of Appeals *held*:

1. It is the essential nature of the claim and not the particular type of relief sought that determines whether the Court of Claims has exclusive subject-matter jurisdiction. Under MCL 600.6419(1)(a), the Court of Claims has exclusive subject-matter jurisdiction over claims against the state that are *ex contractu* or *ex delicto* in nature.

2. Claims that are *ex contractu* in nature arise out of a contract, including quasi-contract claims and causes of action arising from contracts implied in fact or law. An action seeking a refund of fees paid to or monies withheld by the state is properly characterized as a claim in assumpsit for money had and received and is *ex contractu* in nature. Accordingly, the Court of Claims had exclusive subject-matter jurisdiction over plaintiff's claim for a refund.

3. The Court of Claims had concurrent jurisdiction over plaintiff's request for declaratory relief under MCL 600.6419a because

the request for declaratory relief was ancillary to plaintiff's *ex contractu* claim for a refund. The Court of Claims reached the correct result, although for the wrong reason.

Affirmed.

SHAPIRO, P.J., concurring, agreed that the Court of Claims possessed subject-matter jurisdiction over plaintiff's claim for a monetary award under MCL 600.6419(1)(a), but based his conclusion on the fact that plaintiff sought monetary damages from a state agency. The Court of Appeals historically held under MCL 600.6419(1)(a) that the Court of Claims has exclusive jurisdiction over all cases seeking monetary damages from the state, and more recent caselaw has not clearly undermined that holding. MCL 600.6419a provided concurrent jurisdiction for the court to determine plaintiff's ancillary request for declaratory relief.

JURISDICTION — COURT OF CLAIMS — *EX CONTRACTU* CLAIMS — ACTIONS FOR MONEY HAD AND RECEIVED.

It is the essential nature of the claim and not the particular type of relief sought that determines whether the Court of Claims has exclusive subject-matter jurisdiction; by statute, the Court of Claims has exclusive subject-matter jurisdiction over claims against the state that are *ex contractu* or *ex delicto* in nature; an action seeking a refund of fees paid to or monies withheld by the state is properly characterized as a claim in assumpsit for money had and received and is *ex contractu* in nature and therefore within the exclusive subject-matter jurisdiction of the Court of Claims (MCL 600.6419[1][a]).

*Judith K. Cunningham*, Corporation Counsel, and *Mary M. Mara*, Assistant Corporation Counsel, for plaintiff.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Morris J. Klau*, Assistant Attorney General, for defendant.

Before: SHAPIRO, P.J., and JANSEN and DONOFRIO, JJ.

JANSEN, J. Defendant appeals by leave granted the order of the Court of Claims denying its motion for summary disposition brought pursuant to MCR

2.116(C)(4).[1] We conclude that the Court of Claims relied on erroneous legal reasoning in this case. However, because the Court of Claims reached the correct result in ruling that it possessed subject-matter jurisdiction over the present controversy, we nonetheless affirm.

I

Defendant, as the agency responsible for the care and custody of children who are permanent wards of the state, has the authority to place and maintain such children who are under the control of the Michigan Children's Institute (MCI) in licensed boarding homes for children. MCL 400.207(7). Expenses related to the supervision and transportation of permanent wards are paid out of the MCI's funds subject to partial reimbursement by the county from which the public ward has been committed. Id. The county's liability for the costs associated with the care of a ward (commonly referred to as a "chargeback rate") is determined under the Youth Rehabilitation Services Act, MCL 803.301 et seq. In general, "the county from which the public ward is committed is liable to the state for 50% of the cost of his or her care . . . ." MCL 803.305(1).

The Michigan Administrative Code provides that the daily rate for the cost of caring for wards of the state must be established in September of the year before the rate is put into effect. Mich Admin Code, R 400.341. Thus, for example, in accordance with Rule 400.341, the cost of caring for MCI wards during 2007 should have been established in September 2006.

This action resulted after defendant sought to retroactively establish the daily rate for the cost of caring for

---

[1] Defendant's motion for summary disposition was also brought pursuant to MCR 2.116(C)(8). However, the portion of defendant's motion brought under subrule (C)(8) is not at issue in the present appeal.

wards in 2007. In a letter dated July 16, 2007, defendant notified plaintiff and other counties of specified "state ward chargeback rates for calendar year 2007." Defendant declared that the stated rates "will be effective for calendar year 2007 with a retroactive date of January 1, 2007. These rates shall remain in effect until the next scheduled revision in 2008." Then, in a subsequent letter dated July 26, 2007, defendant informed plaintiff that the chargeback rates for 2007 would be effective on June 1, 2007, and not fully retroactive as had been stated in the earlier letter.

Thereafter, in October 2007, defendant notified plaintiff and others that it had again reviewed and revised the chargeback rates for 2007. It declared new rates, which would be retroactive to August 1, 2007, and indicated that these rates would "remain in effect until the next scheduled revision on January 1, 2008."

In late 2007, plaintiff received certain statements from defendant that included charges of $79,248.22 (described as "prior year balance due") and $71,517.40 (described as "current year balance due"). These disputed charges of $79,248.22 and $71,517.40 had apparently resulted from defendant's retroactive rate increases for housing Oakland County youths in state facilities during 2007. Although the statements indicated that defendant owed plaintiff an overall reimbursement of $1,394,070.62, defendant deducted the disputed amounts, totaling $150,765.62, and remitted only $1,243,305 to plaintiff.

On January 9, 2008, plaintiff sent a letter to defendant protesting the retroactive rate increases and explaining why it believed the retroactive rate increases were illegal. Plaintiff's letter demanded that defendant "either remit the $150,765.62 wrongfully withheld from the County or provide the state's legal justification/rationale for the

withholding of these funds." According to plaintiff, defendant did not respond to its letter.

In May 2008, plaintiff filed suit against defendant in the Court of Claims. Plaintiff sought a declaration that defendant was required to establish the cost of caring for MCI wards each September, that the rates established by defendant in September could not go into effect until the following year, and that defendant was not entitled to retroactively establish or increase such rates. Plaintiff also sought a refund of the monies that defendant had withheld "as a result of [its] illegal retroactive rate increases for the cost of MCI wards . . . ."

In lieu of answering plaintiff's complaint, defendant moved for summary disposition pursuant to MCR 2.116(C)(4) and (8).[2] Defendant argued that the Court of Claims did not have subject-matter jurisdiction over the controversy because the action had not arisen out of contract or tort. Plaintiff opposed defendant's motion, arguing that the Court of Claims had exclusive jurisdiction over the matter because only the Court of Claims would have the authority to award monetary relief against defendant. Oral argument was held on October 1, 2008, and the Court of Claims took the matter under advisement.

The Court of Claims thereafter issued a written opinion and order denying defendant's motion for summary disposition. The Court of Claims ultimately concluded that it had subject-matter jurisdiction over the controversy, reasoning in relevant part:

> Plaintiff suggests *Silverman* [*v Univ of Mich Bd of Regents*], 445 Mich 209[, 516 NW2d 54] (1994) [overruled in part on other grounds by *Parkwood Ltd Dividend*

---

[2] As noted earlier, the portion of the motion brought pursuant to subrule (C)(8) is not at issue in the present appeal.

*Housing Ass'n v State Housing Dev Auth*, 468 Mich 763; 664 NW2d 185 (2003)], is the supporting authority for the conclusion that the Court of Claims has exclusive jurisdiction over a declaratory action that includes monetary relief against the State. . . . Based on previous case law and MCL 600.6419(4) this Court finds that if the plaintiff seeks monetary damages from the state, jurisdiction belongs exclusively with the Court of Claims. The exception to this finding is if jurisdiction over the controversy has been specifically provided or conferred upon another court or tribunal.

Defendant's contention that this court lacks jurisdiction because the Plaintiff's claim lies neither in tort nor contract, is inaccurate. The Court of Claims [sic] exclusive jurisdiction is not limited to those actions that arise in contract or tort, it also has jurisdiction over claims that are both grounded in declaratory relief *and* monetary damages. If this Court adopted Defendant's position of only granting jurisdiction over contract and tort claims, many plaintiffs, including Plaintiff in this case, would be left without any appropriate venue to bring their claim. This Court cannot adopt such a view. Therefore, jurisdiction over this controversy lies exclusively with the Court of Claims and Defendant's motion for summary judgment for lack of subject matter jurisdiction is denied.

Defendant sought leave to appeal in this Court, arguing that the Court of Claims had erred by ruling that it possessed subject-matter jurisdiction over the controversy. We granted defendant's application for leave to appeal, limited to the issues raised in the application. *Oakland Co v Dep't of Human Servs*, unpublished order of the Court of Appeals, entered February 27, 2009 (Docket No. 288812).

II

Summary disposition is proper when, among other things, "[t]he court lacks jurisdiction of the subject

matter." MCR 2.116(C)(4). We review de novo a motion for summary disposition brought pursuant to subrule (C)(4). *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Jamil v Jahan*, 280 Mich App 92, 99-100; 760 NW2d 266 (2008). We likewise review de novo issues of statutory interpretation. *Toll Northville Ltd v Northville Twp*, 480 Mich 6, 10-11; 743 NW2d 902 (2008).

III

We conclude that the Court of Claims relied on erroneous legal reasoning in this case. However, we also conclude that the Court of Claims reached the correct result in ruling that it possessed subject-matter jurisdiction over the present controversy.

The Court of Claims is a legislatively created court of limited jurisdiction, and its jurisdiction is entirely statutory. *Parkwood*, 468 Mich at 767; *Bays v Dep't of State Police*, 89 Mich App 356, 362; 280 NW2d 526 (1979). The exclusive subject-matter jurisdiction of the Court of Claims is defined by MCL 600.6419, which provides in relevant part:

> (1) Except as provided in [MCL 600.6419a] and [MCL 600.6440], the jurisdiction of the court of claims, as conferred upon it by this chapter, shall be exclusive. . . . The court has power and jurisdiction:
>
> (a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies.
>
> (b) To hear and determine any claims or demands, liquidated or unliquidated, ex contractu or ex delicto, which may be pleaded by way of counterclaim on the part

of the state or any department, commission, board, insti-
tution, arm, or agency of the state against any claimant
who may bring an action in the court of claims. . . .

                    *    *    *

(4) This chapter shall not deprive the circuit court of
this state of jurisdiction over . . . proceedings for declara-
tory or equitable relief, or any other actions against state
agencies based upon the statutes of this state in such case
made and provided, which expressly confer jurisdiction
thereof upon the circuit court . . . .

"Additionally, MCL 600.6419a, which was added in
1984, gives the Court of Claims concurrent jurisdiction
with the circuit courts over any claim for equitable and
declaratory relief that is ancillary to a claim filed under
§ 6419[.]" *Parkwood*, 468 Mich at 768. Specifically, MCL
600.6419a provides:

In addition to the powers and jurisdiction conferred
upon the court of claims by [MCL 600.6419], the court of
claims has concurrent jurisdiction of any demand for
equitable relief and any demand for a declaratory judgment
when ancillary to a claim filed pursuant to [MCL
600.6419]. The jurisdiction conferred by this section is not
intended to be exclusive of the jurisdiction of the circuit
court over demands for declaratory and equitable relief
conferred by [MCL 600.605].[3]

We cannot agree with that portion of the lower
court's opinion and order in which it stated that "[t]he
Court of Claims [sic] exclusive jurisdiction is not limited
to those actions that arise in contract or tort, it also has

---

[3] MCL 600.605 provides that "[c]ircuit courts have original jurisdiction
to hear and determine all civil claims and remedies, except where
exclusive jurisdiction is given in the constitution or by statute to some
other court or where the circuit courts are denied jurisdiction by the
constitution or statutes of this state." See also *Parkwood*, 468 Mich at 768
n 4.

jurisdiction over claims that are both grounded in declaratory relief *and* monetary damages." As our Supreme Court has observed, "[t]he plain language of § 6419(1)(a), the primary source of jurisdiction for the Court of Claims, does not refer to claims for money damages or to claims for declaratory relief." *Parkwood*, 468 Mich at 772. Instead, the primary jurisdiction-conferring statute refers only to claims against the state that are "ex contractu and ex delicto . . . ." MCL 600.6419(1)(a); see also *Parkwood*, 468 Mich at 772. The unmistakable teaching of *Parkwood* is that the exclusive subject-matter jurisdiction of the Court of Claims turns entirely on whether a claim is *ex contractu* or *ex delicto* in nature. And despite the existence of several earlier, incorrectly decided cases to the contrary, the *Parkwood* Court made clear that whether a plaintiff seeks money damages or other monetary relief is *entirely irrelevant* to determining whether the Court of Claims possesses exclusive jurisdiction over the plaintiff's claim under MCL 600.6419(1)(a). In short, it is the essential nature of the claim—and not the particular type of relief sought—that determines whether the Court of Claims possesses exclusive subject-matter jurisdiction. For example, although the plaintiff's claim in *Parkwood* sought only declaratory relief and did not seek money damages, it came within the exclusive subject-matter jurisdiction of the Court of Claims under MCL 600.6419(1)(a) because it was based in contract and therefore *ex contractu* in nature. *Parkwood*, 468 Mich at 772.

The critical question in this case was *not* whether plaintiff's claim sought money damages or other monetary relief. Such an inquiry was irrelevant to whether the Court of Claims possessed exclusive subject-matter jurisdiction over plaintiff's claim under MCL 600.6419(1)(a). Instead, the critical question in this

case was whether plaintiff's claim against defendant was *ex contractu* or *ex delicto* in nature. For the reasons that follow, we hold that plaintiff asserted a claim seeking a refund of the monies withheld by defendant, accompanied by a prayer for declaratory relief. We conclude that plaintiff's claim seeking a refund of the monies withheld by defendant was *ex contractu* in nature and, consequently, within the exclusive subject-matter jurisdiction of the Court of Claims under MCL 600.6419(1)(a). We further conclude that the Court of Claims had concurrent jurisdiction under MCL 600.6419a to consider plaintiff's ancillary request for declaratory relief.

When ascertaining the exact nature of a plaintiff's claim, we are not bound by the plaintiff's choice of labels because this would exalt form over substance. *Johnston v City of Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). Instead, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). The essential nature of a plaintiff's claim " 'must be determined by the . . . essential facts or grievance as alleged . . . .' " *Nicholson v Han*, 12 Mich App 35, 43; 162 NW2d 313 (1968) (citation omitted). The particular type of relief sought is also a relevant consideration in determining the essential nature of a plaintiff's claim. See *Adams*, 276 Mich App at 715 (observing, among other things, that the plaintiff's claim did not sound in fraud because the plaintiff did not "seek damages for [the] allegedly fraudulent conduct").

In this case, plaintiff's complaint was simply entitled "Complaint for Declaratory Judgment" and contained no internal labels or headings identifying any specific

claims. However, the complaint did set forth detailed allegations concerning why plaintiff believed defendant's retroactive rate increases were unlawful and why plaintiff believed it was improper for defendant to retain the withheld amount of $150,765.62. It is true, as explained earlier, that plaintiff specifically sought declaratory relief with regard to the legality of defendant's retroactive rate increases. But plaintiff's complaint also sought a refund of the monies that defendant was withholding "as a result of [its] illegal retroactive rate increases for the cost of MCI wards . . . ." Upon examination of the complaint as a whole, *Adams*, 276 Mich App at 710-711, and after having reviewed plaintiff's particular allegations and the specific relief sought, it is clear to us that plaintiff's complaint set forth a claim for money had and received,[4] seeking a refund of the monies withheld by defendant. Although plaintiff also sought declaratory relief in addition to its request for a refund, we note that declaratory relief is an equitable remedy and not truly a separate claim. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).

The statutory terms "ex contractu" and "ex delicto" are legal terms that have acquired particular meanings in the law. See MCL 8.3a. The term "ex delicto" is defined as " '[f]rom a delict, tort, fault, crime, or malfeasance' " and describes claims that " 'grow out of or are founded upon a wrong or tort'." *Lowery v Dep't of Corrections*, 146 Mich App 342, 347-348; 380 NW2d 99 (1985), quoting Black's Law Dictionary (4th ed), p 660 (alteration in *Lowery*). In contrast, the term "ex con-

---

[4] An "action for money had and received" is defined as a common-law action "by which the plaintiff could recover money paid to the defendant, the money [usually] being recoverable because (1) the money had been paid by mistake or under compulsion, or (2) the consideration was insufficient." Black's Law Dictionary (7th ed), p 29.

tractu" describes "civil actions arising out of contract."
*Lowery*, 146 Mich App at 348. But the term "ex con-
tractu" does not merely describe traditional breach-of-
contract claims and claims arising from express con-
tracts; it also encompasses quasi-contract claims and
causes of action arising from contracts implied in fact
and law. *Pomann, Callanan & Sofen, PC v Wayne Co
Dep't of Social Servs*, 166 Mich App 342, 347 n 5; 419
NW2d 787 (1988); see also *Lim v Dep't of Transporta-
tion*, 167 Mich App 751, 754; 423 NW2d 343 (1988).

It is well settled that an action seeking a refund of fees
paid to the state is properly characterized as a claim in
assumpsit for money had and received. *Service Coal Co v
Unemployment Compensation Comm*, 333 Mich 526, 530-
531; 53 NW2d 362 (1952); *Yellow Freight Sys, Inc v
Michigan*, 231 Mich App 194, 203; 585 NW2d 762 (1998),
rev'd on other grounds 464 Mich 21 (2001), rev'd 537 US
36 (2002). The present-day claim for money had and
received arose from the early action of *indebitatus as-
sumpsit* and is based on the legal fiction of a promise
implied in law.[5] See *Consumers Power Co v Muskegon
Co*, 346 Mich 243, 255; 78 NW2d 223 (1956) (SMITH, J.,
dissenting), overruled in part by *Spoon-Shacket Co, Inc
v Oakland Co*, 356 Mich 151 (1959). A claim for money
had and received is *ex contractu* in nature. See *Yellow
Freight*, 231 Mich App at 203; see also *Rader v Leven-
son*, 290 Ga App 227, 230 n 13; 659 SE2d 655 (2008);
*Citizens State Bank v Nat'l Surety Corp*, 199 Colo 497,
500; 612 P2d 70 (1980); *Lang v Friedman*, 166 Mo App
354, 362; 148 SW 992 (1912); *Johnson v Collier*, 161 Ala
204, 208; 49 So 761 (1909); *Allen v Frawley*, 106 Wis

---

[5] "In order to afford the remedy demanded by exact justice and adjust
such remedy to a cause of action, the law sometimes indulges in the
fiction of a *quasi* or constructive contract, with an implied obligation to
pay for benefits received." *Cascaden v Magryta*, 247 Mich 267, 270; 225
NW 511 (1929).

638, 645; 82 NW 593 (1900). We conclude that plaintiff's claim seeking a refund of the monies withheld by defendant was actually a claim for money had and received. See *Yellow Freight*, 231 Mich App at 203. Therefore, even though there was no express contract between plaintiff and defendant, plaintiff's claim was nonetheless *ex contractu* in nature. See *Pomann*, 166 Mich App at 347 n 5. Plaintiff's *ex contractu* claim against defendant for money had and received unquestionably fell within the exclusive subject-matter jurisdiction of the Court of Claims. MCL 600.6419(1)(a).

We have already explained that plaintiff's complaint also contained an associated prayer for declaratory relief. Indeed, plaintiff sought a declaration that defendant was required to establish the cost of caring for MCI wards in September, a declaration that the rates established by defendant in September could not go into effect until the following year, and a declaration that defendant was not entitled to retroactively increase such rates. Declaratory relief is equitable in nature. *Mettler Walloon*, 281 Mich App at 221; *Coffee-Rich, Inc v Dep't of Agriculture*, 1 Mich App 225, 228; 135 NW2d 594 (1965). As discussed previously, MCL 600.6419a provides that "[i]n addition to the powers and jurisdiction conferred upon the court of claims by [MCL 600.6419], the court of claims has concurrent jurisdiction of any demand for equitable relief and any demand for a declaratory judgment when ancillary to a claim filed pursuant to [MCL 600.6419]." The declaratory relief requested by plaintiff would have facilitated plaintiff's efforts to recoup the monies withheld by defendant and would have prevented defendant from retroactively increasing the cost of caring for MCI wards in the future. In other words, plaintiff's request for declaratory relief was ancillary to its *ex contractu* claim for money had and received. The Court of Claims

therefore had concurrent jurisdiction over plaintiff's demand for declaratory relief. MCL 600.6419a.

IV

We conclude that the Court of Claims had exclusive subject-matter jurisdiction over plaintiff's *ex contractu* claim seeking a refund of the monies withheld by defendant. MCL 600.6419(1)(a). We further conclude that the Court of Claims had concurrent subject-matter jurisdiction over plaintiff's ancillary demand for declaratory relief. MCL 600.6419a. Although the Court of Claims relied on erroneous legal reasoning, it reached the correct result by denying defendant's motion for summary disposition under MCR 2.116(C)(4). It is axiomatic that we will not reverse when the lower court has reached the correct result, even if it has done so for the wrong reason. *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000).

We decline to consider defendant's argument that because plaintiff's claim is rooted in a decision of the Director of the Department of Human Services, plaintiff's proper recourse was to seek judicial review of that final agency decision. Defendant raised this argument for the first time in its reply brief, and the argument has therefore not been properly presented for appellate review. MCR 7.212(G); *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 576; 692 NW2d 68 (2004).

Affirmed. No taxable costs pursuant to MCR 7.219, a public question having been involved.

DONOFRIO, J., concurred.

SHAPIRO, P.J. (*concurring*). Because I agree that the Court of Claims possessed subject-matter jurisdiction, I

concur in the result. I write separately because I conclude that the Court of Claims had jurisdiction because plaintiff sought monetary damages from a state agency.

As noted by the majority, the jurisdiction of the Court of Claims is set forth in MCL 600.6419, which provides in relevant part:

> (1) Except as provided in [MCL 600.6419a] and [MCL 600.6440], the jurisdiction of the court of claims, as conferred upon it by this chapter, shall be exclusive. . . . The court has power and jurisdiction:
>
> (a) To hear and determine *all claims and demands*, liquidated and unliquidated, ex contractu and ex delicto, *against the state and any of its departments*, commissions, institutions, arms, *or agencies*.
>
> \* \* \*
>
> (4) This chapter shall not deprive the circuit court of jurisdiction over . . . proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court . . . . [Emphasis added.]

MCL 600.6419a then provides additional, concurrent jurisdiction to the Court of Claims for "any demand for equitable relief and any demand for a declaratory judgment when ancillary to a claim filed pursuant to MCL 600.6419."

Plaintiff in this case made a claim or demand against defendant for a monetary award on the basis of its allegation that defendant had improperly collected money for expenses related to the supervision and transportation of wards of the state. Thus, it expressed a claim against the state pursuant to MCL 600.6419(1)(a), which would be exclusively within the jurisdiction of the Court of Claims. That plaintiff also

requested declaratory relief to prevent defendant from improperly raising rates in the future did not deprive the Court of Claims of jurisdiction, given that that request was ancillary to the request for money damages and, therefore, the Court of Claims had concurrent jurisdiction over it under MCL 600.6419a.

Michigan caselaw supports this interpretation. Initially, this Court repeatedly, and without change by our Supreme Court, held that the Court of Claims had exclusive jurisdiction over all cases involving money damages. See *Pomann, Callanan & Sofen, PC v Wayne Co Dep't of Social Servs*, 166 Mich App 342, 346; 419 NW2d 787 (1988) ("This exclusive jurisdiction [in the Court of Claims] encompasses all claims against the state and its instrumentalities for money damages.").

In 1994, our Supreme Court finally addressed the Court of Claims' jurisdiction in *Silverman v Univ of Mich Bd of Regents*, 445 Mich 209, 215; 516 NW2d 54 (1994) ("This Court has not decided a case in which [MCL 600.6419a] is at issue . . . ."), overruled in part on other grounds by *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763; 664 NW2d 185 (2003). *Silverman* involved a claim for both equitable relief and money damages, and the Supreme Court determined that the Court of Claims properly had jurisdiction. *Id.* at 217.

Subsequently, the Supreme Court again considered a Court of Claims jurisdictional issue in *Parkwood*, 468 Mich 763. *Parkwood* involved a claim only under contract—no money damages. Because prior caselaw had required money damages before the Court of Claims had jurisdiction, the lower courts had determined that there was no jurisdiction in light of the lack of money damages. Our Supreme Court observed, "The plain language of § 6419(1)(a), the primary source of

jurisdiction for the Court of Claims, does not refer to claims for money damages or to claims for declaratory relief." *Id.* at 772. Accordingly, it concluded that nothing in the statute *required* money damages and explicitly "disavow[ed]" any caselaw "that [has] seemingly interpreted § 6419(1)(a) as granting the Court of Claims jurisdiction over claims for money damages *only.*" *Id.* at 775 (emphasis added). It left untouched, however, the prior caselaw providing that when money damages were involved, the Court of Claims had exclusive jurisdiction.

The most recent case involving Court of Claims jurisdiction was *Duncan v Michigan*, 284 Mich App 246; 774 NW2d 89 (2009), rev'd 486 Mich 1071 (2010). In *Duncan*, this Court concluded that the claim sounded neither in contract nor tort, so that the Court of Claims was without jurisdiction. *Id.* at 287.[1] Notably, the plaintiffs in *Duncan* were not seeking money damages; they were *exclusively* seeking declaratory relief without a contract or tort claim, an action for which is explicitly reserved to the circuit courts. That is not the case here, given that plaintiff is explicitly requesting money damages.

Additionally, it makes no difference whether plaintiff receives monetary damages or a later credit or offset from future payments. An order that a credit or offset

---

[1] The continued viability of this holding is in question, however, given the Supreme Court's reversal "for the reasons stated in the Court of Appeals dissenting opinion." *Duncan*, 486 Mich at 1071. Because the dissent never reached the question of jurisdiction in the Court of Claims, the statements in the majority opinion may now be simply dicta, as they were unnecessary to the resolution of the case. However, to the extent that the reversal is viewed as "reversal on other grounds," the statements in the majority's published opinion may remain controlling. Nevertheless, the holding does not change the outcome of the present case because, unlike the present case, *Duncan* did not involve money damages.

be provided costs the state money and, therefore, is an award of money damages, regardless of whether it is paid or simply offset. See *Silverman*, 445 Mich at 216 n 7 ("The plaintiff phrases his request for money damages as a request for a declaratory judgment that he is entitled to a refund. That does not alter the nature of the claim—a demand for money damages."); *Parkwood*, 468 Mich at 774 n 8 ("[W]e specifically reaffirm the statements in *Silverman* recognizing that the nature of the claim, rather than how the plaintiff phrases the request for relief, controls how a court will characterize the claim.").

Accordingly, because plaintiff's claim against defendant for money damages gave the Court of Claims jurisdiction, and MCL 600.6419a provided for concurrent jurisdiction for the Court of Claims to determine the ancillary request for declaratory relief, the Court of Claims properly denied defendant's motion for summary disposition based on lack of jurisdiction.