*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA PITTS,

      Plaintiff-Appellant,

v

GOVERNOR,

      Defendant-Appellee.

UNPUBLISHED
September 10, 2019

No. 345605
Court of Claims
LC No. 18-000105-MZ

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Plaintiff Donna Pitts, *in propria persona*, appeals the Court of Claims' opinion and order granting summary disposition for defendant, the Governor of the State of Michigan. The motion was premised on MCR 2.116(C)(7) (immunity by law), (8) (failure to state a claim), and (10) (no genuine issue of material fact), and was granted under MCR 2.116(C)(7) based on the court's finding that defendant is immune from tort liability under the Governmental Tort Liability Act (GTLA), MCL 691.1401, *et seq.* We affirm.

## I. BACKGROUND

In April 2018, plaintiff filed an affidavit and claim in the small claims division of the 36th District Court against defendant. In her complaint, plaintiff alleged that, after it rained for "four days" in February and April 2018, some parts of Michigan received Federal Emergency Management Agency (FEMA) assistance while "south eastern Michigan did not." Plaintiff sought up to $6,000 in money damages. Although not expressly stated in the complaint, plaintiff's home, which is located in Wayne County, allegedly sustained damages as the result of rain and she did not receive FEMA assistance purportedly because defendant failed to request it.

Defendant responded to the complaint by filing a notice of transfer in the Court of Claims and moving for summary disposition, in part under MCR 2.116(C)(7), on the grounds that the governor is immune from liability under the GTLA. The Court of Claims accepted the transfer of the case, determined that it had jurisdiction over it, and granted summary disposition for defendant. In particular, the court found that because plaintiff asserts tort liability for actions taken within the scope of defendant's executive authority, for which defendant is immune under

-1-

the GTLA, immunity applies and dismissal was proper under MCR 2.116(C)(7). Plaintiff filed this appeal.

## II. TRANSFER AND JURISDICTION

Plaintiff first argues that the transfer of her case to the Court of Claims was not necessary. Relatedly, plaintiff asserts that the Court of Claims lacked jurisdiction over her case because MCL 600.6419(1)(a) is inapplicable, the court otherwise misconstrued the statutory language to manipulate the outcome, and the wrong occurred in Detroit—not Lansing. We disagree.

Whether a transfer to the Court of Claims was proper is a question a law that this Court reviews de novo. See *Baynesan v Wayne State Univ*, 316 Mich App 643, 650-653; 894 NW2d 102 (2016). Whether a lower court has jurisdiction is also a question that this Court reviews de novo. *Oakland Co v Dep't of Human Servs*, 290 Mich App 1, 7; 799 NW2d 566 (2010), rev'd on other grounds 489 Mich 978 (2011).

Under MCL 600.6404(3), "[a] transfer of a matter to the Court of Claims is mandated . . . if (1) the matter is within the jurisdiction of the Court of Claims, (2) the matter was pending on or is filed after the effective date of the amendatory act [i.e., the Court of Claims Act, MCL 600.6401 *et seq*., as amended by 2013 PA 164], and (3) a notice of transfer is filed." *Baynesan*, 316 Mich App at 653. Subject to limited exceptions not applicable here, the Court of Claims has exclusive jurisdiction "[t]o hear and determine any claim or demand . . . for monetary . . . relief . . . against the state or any of its departments or officers . . . ." MCL 600.6419(1)(a). The Act defines "the state or any of its departments or officers," in relevant part, as an "officer . . . of this state . . . who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties." MCL 600.6419(7).

In this case, plaintiff sued the governor, who is an officer of the State of Michigan, for his alleged failure to request disaster relief funds from FEMA for portions of rain-affected southeastern Michigan. Plaintiff's lawsuit is, in essence, a tort claim requesting monetary damages for alleged actions or omissions of defendant made that were within the scope of the governor's authority while discharging the functions of the office. Such a claim for monetary damages against the highest elected official of the state plainly falls within the Court of Claims' jurisdiction. See MCL 600.6419(1)(a). Further, the transfer of the case to the Court of Claims was proper because the Court of Claims had jurisdiction over the matter, the case was filed in 2018 after the effective date of the amendatory act, and defendant filed a notice of transfer. See *Baynesan*, 316 Mich App at 653. Accordingly, the Court of Claims properly accepted the transfer of, and asserted jurisdiction over, plaintiff's case.

Plaintiff's arguments to the contrary lack merit. Plaintiff, for example, cites MCL 600.6421(1), which permits a district court and the Court of Claims to exercise concurrent jurisdiction over claims for which a right to jury trial exists. Plaintiff, however, does not explain how this provision applies to this matter. Regardless, plaintiff expressly waived her right to a jury trial when she filed her case in the small claims division using the affidavit and claim form. Plaintiff also claims that MCL 600.6419(1)(a), the statute establishing the Court of Claims'

jurisdiction, is not applicable and "void," but plaintiff fails to provide any cogent reasoning to support this assertion. Plaintiff likewise accuses the Court of Claims judge of "[piecing] together" parts of the statute to manipulate the outcome; plaintiff, however, does not provide a sensical alternative reading of the relevant statutes to support her position. And, finally, plaintiff implies that the matter should be heard in Detroit because that is where the alleged harm occurred. Yet, plaintiff again fails to cite legal support for this assertion. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks and citation omitted). Plaintiff has provided only cursory treatment for her assertions, or merely conclusory statements, without any citation to legal authority. Therefore, we consider her arguments abandoned. *Id*.

### III. SUMMARY DISPOSITION

Plaintiff next argues that the Court of Claims improperly granted defendant summary disposition under MCR 2.116(C)(7). We disagree.

This Court reviews the Court of Claims' decision on a motion for summary disposition de novo. The moving party is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are "barred because of immunity granted by law[.]" *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (citation omitted).

> The moving party may support its motion for summary disposition under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence, the substance of which would be admissible at trial. The contents of the complaint are accepted as true unless contradicted by the evidence provided. [*Id*. (quotation marks omitted).]

MCL 691.1407(5) provides that "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." As the highest elected official of the state, it is plain that this provision applies to defendant—the governor of this state. See *Duncan v State*, 284 Mich App 246, 271; 774 NW2d 89 (2009), rev'd on other grounds 486 Mich 1071 (2010). As noted, plaintiff's lawsuit is essentially a tort claim for money damages for alleged acts or omissions that defendant undertook, which were within the scope of his executive functions. Therefore, we conclude that defendant is entitled to immunity by law and the Court of Claims did not err by granting summary disposition for defendant.

Plaintiff fails to offer any cognizable legal reasons why reversal is required. Plaintiff, for example, argues that defendant was not acting within the scope of his authority, but offers no factual or legal support for this assertion. Plaintiff likewise asserts that immunity does not apply because of "waiver and consent," citing MCL 691.1401 through MCL 691.1419. Those provisions cover the entire GTLA and plaintiff does not otherwise explain how defendant waived immunity in this case. Because plaintiff cannot make baseless assertions and expect this Court to

conduct legal and factual research to support her claims, we also deem these arguments abandoned. *Yee*, 251 Mich App at 406.

Finally, plaintiff generally asserts that defendant improperly used summary disposition and that plaintiff should have received a trial-like hearing by a jury or judge even though "citizen[s] should not have to present evidence" or "can not [sic] do well." Plaintiff's belief demonstrates a fundamental misunderstanding of the legal system and the procedural posture of this case; plaintiff was given an opportunity to present evidence to the Court of Claims in her response to defendant's motion for summary disposition. Plaintiff's failure to demonstrate that defendant was not immune from tort liability, or that a genuine issue of fact otherwise existed for trial, precluded her case from going before a jury or trier of fact. See *Moll v Abbott Labs, Inc*, 444 Mich 1, 26; 506 NW2d 816, (1993) ("[B]efore a jury [or trier of fact] is ever reached a preliminary decision must always be made, namely, whether or not there is anything to go to a jury.") (quotation marks and citation omitted).

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel