FOX v. BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN.

HYMA v. SAME.

MITCHELL v. SAME.

1. VENUE—TRANSFER TO PROPER FORUM.
   Lack of proper venue, under the new General Court Rules of 1963, can be corrected by transfer of a cause to the proper forum, whereas lack of jurisdiction cannot be corrected in such manner (GCR 1963, 404).

2. COURTS—JURISDICTION—SUA SPONTE TERMINATION.
   Courts are bound to take notice of the limits of their authority and should, on their own motion, though the question is not raised by pleadings or by counsel, recognize lack of jurisdiction

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Venue § 59.
[2-5] 14 Am Jur, Courts §§ 167, 168.
[6] 49 Am Jur, States, Territories, and Dependencies § 103.
[7] 14 Am Jur, Costs § 91.

by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceedings.

3. SAME—JURISDICTION.
   Acts and proceedings of a court without jurisdiction in a particular case can be of no force or validity, and are a mere nullity and void.

4. SAME—JURISDICTION.
   A court which has determined that it has no jurisdiction should not proceed further except to dismiss the action.

5. SAME—JURISDICTION—DISMISSAL.
   A court without jurisdiction to hear a particular case is without power to transfer it to a court having exclusive jurisdiction thereof, but must terminate the action.

6. STATES—ACTIONS AGAINST STATE AGENCY—JURISDICTION.
   Actions for breach of warranty, malpractice, and breach of contract against the board of regents of the university of Michigan and others, and pleading waiver of immunity by the board, brought in the circuit court is ordered dismissed against the board, as such court is without jurisdiction to hear an action against a State agency, exclusive jurisdiction thereof being in the court of claims (CLS 1961, § 600.6419).

7. COSTS—PUBLIC QUESTION—ACTION AGAINST BOARD OF REGENTS OF UNIVERSITY OF MICHIGAN—JURISDICTION.
   No costs are allowed on appeal from circuit court in actions against board of regents of the university of Michigan for breach of warranty, malpractice, and breach of contract, where such court has no jurisdiction in such cases, a public question being involved.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted November 6, 1964 (Calendar Nos. 70–72, Docket Nos. 50,498–50,500.) Decided April 9, 1965.

Action by Pearl Fox against the Board of Regents of the University of Michigan and others for injuries allegedly arising from malpractice occurring at the University of Michigan Hospital. Similar actions by Albert Hyma and Arthur Mitchell. On motion, cases transferred to the Court of Claims. Defend-

ant Board appeals. Orders reversed and cases dismissed for lack of jurisdiction.

*Glassen, Parr, Rhead & McLean,* for plaintiff Fox.

*Burke, Burke, Ryan & Roberts,* for defendant Board of Regents.

T. M. KAVANAGH, C. J. Separate actions were commenced in the Washtenaw county circuit court by the various plaintiffs against the board of regents of the University of Michigan and others.

In the Fox and Mitchell cases the declarations were filed in two counts:

Count one alleged that the University Hospital, an agency controlled by the board of regents, made warranties as to the qualifications, knowledge, and skill of its agents and employees, being doctors employed at the said hospital, which qualifications were ordinarily possessed and exercised by members of the medical profession in the locality, and that the warranties were breached in that the diagnosis, treatment, and surgery performed on plaintiff was unskillfully and negligently performed, resulting in permanent injury and disability to the plaintiff.

Count two was entitled "trespass on the case," in which the claim was made that the defendant board of regents was responsible for the negligent and unskillfull performance of surgery and treatment during plaintiff's hospitalization.

Subsequent amendments to the declarations alleged breach of contract and eventually an additional amendment was filed alleging that any immunity from liability on the part of the board of regents had been waived by the purchase of a comprehensive general liability insurance policy.

The Hyma case was begun by summons. No declaration was filed.

Motions to dismiss the cases as to the regents of the University of Michigan only were filed. The motions were based upon the ruling of this Court in *Glass* v. *Dudley Paper Company*, 365 Mich 227, in which it was held that the circuit courts of this State did not have jurisdiction to entertain claims against the governing body of Michigan State University, for the reason such jurisdiction is vested by statute[1] exclusively in the court of claims. A similar rule would apply to the board of regents of the University of Michigan.

The trial court held that it did not have jurisdiction but that serious injustice would result by reason of the running of the statute of limitations in a court of claims action if dismissal were granted. The trial court instead ordered transfer of jurisdiction to the court of claims.

On leave granted, the board of regents of the University of Michigan presented the following question:

"Can the circuit court, which has acknowledged itself to be without jurisdiction to entertain and determine the issues of fact and law presented, by reason of the court of claims act, which vests that court with exclusive jurisdiction to hear and determine claims against the defendant, enter an order transferring the cause from the circuit court to the court of claims?"

Plaintiffs contend that the General Court Rules of 1963 are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties.

---

[1] PA 1961, No 236, § 6419 (CLS 1961, § 600.6419 [Stat Ann 1962 Rev § 27A.6419]).

Plaintiffs further contend the spirit and effect of the revised judicature act of 1961[2] is to eliminate the old concepts of "jurisdiction" and to assure that actions shall be justly and promptly heard without stilted concepts of territorial or other limitations, by permitting transfer to the proper forum if filed in an improper forum. They also argue that the law in Michigan prior to *Glass* permitted the bringing of such an action in the Washtenaw circuit court, since actions had previously been brought there and no one had ever questioned its jurisdiction. For this reason, they argue, that in justice and fairness they should not be deprived of a cause of action because of a change in the law.

Jurisdiction and venue are not the same thing. Lack of proper venue under the new General Court Rules[3] can be corrected by transfer of a cause to the proper forum; lack of jurisdiction cannot.

When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void.

In *In re Estate of Fraser,* 288 Mich 392, this Court said (p 394):

"Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding."

7 MLP, Courts, § 24, p 627, is to the same effect:

"Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void.[4]

---

[2] CLS 1961, § 600.101 *et seq.* (Stat Ann 1962 Rev § 27A.101 *et seq.*).—Reporter.

[3] GCR 1963, 404.—Reporter.

[4] *In re Braver* (ED Mich 1931), 51 F2d 123, affirmed by

"A court which has determined that it has no juris-diction should not proceed further except to dismiss the action."[5]

The orders of the circuit court in transferring the cases against the defendant board of regents of the University of Michigan to the court of claims are reversed and set aside, and the causes remanded to the lower court for entry of an order dismissing the actions.

A public question being involved, no costs are allowed.

Dethmers, Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred.

---

*Detroit Trust Co.* v. *Dunitz* (CCA 6, 1932), 59 F2d 905; *In re Dowling's Estate* (1944), 308 Mich 129 (probate court).

[5] *Lehman* v. *Lehman* (1945), 312 Mich 102.