# STATE OF MICHIGAN

# COURT OF APPEALS

LASHAWN D. REDMOND and DESTINEE'S
TRANSPORTATION,

      Plaintiffs-Appellees,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
December 2, 2014

No. 313413
Wayne Circuit Court
LC No. 10-011348-AV

---

LASHAWN D. REDMOND,

      Plaintiff-Appellant,

DESTINEE'S TRANSPORTATION

      Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

No. 315416
Wayne Circuit Court
LC No. 10-012108-AV

---

Before: MURRAY, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

These consolidated appeals—arising from the same consolidated matter in the lower court—are before this Court for consideration as on delayed leave granted. In Docket No. 315416, plaintiff Redmond appeals the circuit court's May 17, 2012 opinion and order and argues that the circuit court erred in concluding that the district court lacked subject matter jurisdiction over her claims because she alleged in her complaint that her damages would not exceed $25,000 and only requested relief in an amount not to exceed $25,000. We affirm.

In Docket No. 313413, defendant appeals the same circuit court opinion and order and argues that (1) the circuit court erred in determining that the district court had subject matter jurisdiction over plaintiff Destinee's Transportation's claims, (2) improper conduct and inflammatory arguments made by plaintiffs' trial counsel denied defendant a fair trial, requiring reversal of the jury verdict, (3) the circuit court erred in affirming the district court's award of attorney fees pursuant to MCL 500.3148(1) because legitimate questions of fact existed regarding plaintiffs' claims, and (4) even if awarding attorney fees was appropriate pursuant to MCL 500.3148(1), the circuit court erred in affirming the fee award because defendant requested, but was denied, an evidentiary hearing regarding determination of the appropriate amount of attorney fees to be awarded. We reverse the circuit court's opinion and order to the extent that it concluded that the district court had jurisdiction over Destinee's Transportation's claims, and we vacate the district court's judgment regarding these claims and order regarding Destinee's Transportation's attorney fees because they are void. Because defendant's remaining issues are moot, we need not address them.

## I. FACTS AND PROCEDURAL HISTORY

This appeal arises out of an automobile accident that occurred on December 4, 2007, in Redford in which Redmond sustained non-life-threatening injuries. Defendant State Farm Mutual Automobile Insurance Company initially made payments on Redmond's submitted claims for no-fault insurance benefits for replacement services, medical bills, attendant care, wage loss, and transportation services. However, months later on May 21, 2008, defendant sent plaintiff Redmond a letter indicating that it was denying her claims.

Redmond filed suit in the 36th District Court for breach of contract, and plaintiff Destinee's Transportation, Redmond's transportation services provider, also filed suit in the same court in a separate action.[1] Specifically, Redmond alleged that, as a result of the collision, she had incurred the following: (1) expenses for care, recovery, or rehabilitation, (2) wage loss, (3) expenses for replacement services and attendant care, and (4) other personal protection benefits, and Destinee's Transportation sought compensation for the transportation services it provided to Redmond. In Redmond's complaint, she specifically alleged that "[t]he amount in controversy is within the jurisdiction of this court because Plaintiff claims damages not in excess of $25,000," and stated that she sought "damages in whatever amount Plaintiff is found to be entitled not in excess of [$]25,000, plus interest, costs, and no-fault attorney fees." These actions were consolidated for trial.

Following a jury trial, the jury rendered a verdict in favor of plaintiffs and awarded them an aggregate amount of $72,543.68, exclusive of statutory interest and attorney fees, surpassing the $25,000 amount in controversy jurisdictional limit of the district court. Of the aggregate amount, $63,793 was awarded to plaintiff Redmond for allowable expenses, wage loss, and replacement services, plus an additional $16,025.36 in interest, and $8,750.68 was awarded to plaintiff Destinee's Transportation for transportation costs incurred by plaintiff Redmond, plus an additional $2,625.20 in interest. Defendant objected to plaintiffs' proposed judgment on the

---

[1] 36th District Court Docket Nos. 08-146384 and 09-108801.

-2-

jury verdict, arguing that (1) the jury award indicated that the amount in controversy exceeded the $25,000 jurisdictional limit, (2) the district court lacked the authority to enter an amount different than the jury award, and (3) the matter should be dismissed with prejudice because the district court lacked subject matter jurisdiction. The district court acknowledged that it was without jurisdiction "to enter a judgment in excess of $25,000.00 exclusive of costs, interest, and attorney fees," and ordered judgment in favor of Redmond in the amount of $25,000 and judgment in favor of Destinee's Transportation in the amount of $8,750.68, plus $2,625.20 in no-fault interest. Defendant appealed this judgment to the circuit court.[2]

In response to a motion filed by plaintiffs pursuant to MCL 500.3148(1), the district court awarded attorney fees in the aggregate amount of $141,600, which consisted of $113,600 for Redmond for her attorney (284 hours at $400 per hour) and $28,000 for Destinee's Transportation for its attorney (140 hours at $200 per hour). Redmond was also awarded $2,246.25 in costs, plus the costs of deposing Redmond's treating physician. Defendant also appealed this order to the circuit court,[3] and defendant's two appeals were consolidated in the circuit court.

The district court dismissed both of defendant's claims of appeal for failure to pay bond on appeal and comply with appeal procedures, and the circuit court denied defendant's motion to reinstate the appeal. However, defendant then filed applications for leave to appeal to this Court,[4] and this Court peremptorily reversed the district court's rulings that dismissed defendant's claims of appeal in the circuit court because "the district court failed to provide seven days' notice as required under MCR 7.101(G)" and, thus, "the circuit court should have reversed the district court's dismissals of the appeals." *Redmond v State Farm Mutual Auto Insurance Co*, unpublished order of the Court of Appeals, entered September 27, 2011 (Docket No. 305336); *Redmond v State Farm Mutual Auto Insurance Co*, unpublished order of the Court of Appeals, entered September 27, 2011 (Docket No. 305337). This Court remanded the cases to the circuit court and ordered that the circuit court reinstate both claims of appeal and proceed to a resolution on the merits.

Because defendant's appeals from the district court were consolidated in the circuit court, the circuit court issued an opinion and order addressing both appeals, finding that the district court lacked subject matter jurisdiction over Redmond's claims, but did have subject matter jurisdiction over the claims of Destinee's Transportation. The circuit court found that because Redmond failed to make a specific demand for damages, rather than a general demand, her claim was improperly pleaded under MCR 2.111(B)(2). The circuit court went on to conclude that because the opening statements and closing arguments of Redmond's attorney clearly expressed that Redmond was requesting damages far in excess of the $25,000 jurisdictional limit of the district court, the district court lacked subject matter jurisdiction over Redmond's action and its judgment was void. However, the circuit court concluded that because Destinee's

---

[2] Wayne Circuit Court Docket No. 10-011348-AV.

[3] Wayne Circuit Court Docket No. 10-012108-AV.

[4] Docket Nos. 305336 and 305337.

Transportation's claims were within the district court's jurisdictional limit, the district court could maintain subject matter jurisdiction over that action. Regarding defendant's substantive issues involving Destinee's Transportation that are relevant on appeal, the circuit court found that the district court did not abuse its discretion by awarding attorney fees to Destinee's Transportation's counsel. The circuit court reversed the district court's judgment in favor of Redmond, remanded her case for entry of an order of dismissal, and reversed the award of attorney fees for her counsel, and the circuit court affirmed the district court judgment with respect to Destinee's Transportation and affirmed the award of attorney fees for its counsel. Defendant filed a motion for rehearing or reconsideration, and plaintiffs filed a motion for reconsideration or for remand to amend the complaint. These motions were denied, and the parties sought and were granted leave to appeal to this Court.

## II. STANDARD OF REVIEW

We review questions of law, such as whether the district court has subject matter jurisdiction on the facts presented in a case, de novo. *Moody v Home Owners Insurance Company*, 304 Mich App 415, 426; 849 NW2d 31 (2014).

## III. ANALYSIS

The central issue in both of these cases is whether the district court had subject matter jurisdiction over the actions. MCL 600.8301(1) provides, "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." Conversely, MCL 600.605 provides, "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." Therefore, circuit courts in Michigan are courts of general jurisdiction for civil matters, and district courts are courts of exclusive jurisdiction for civil matters involving an amount in controversy that does not exceed $25,000. "[D]efects in subject matter jurisdiction cannot be waived and may be raised at any time," *Moody*, 304 Mich App at 439, and "a court must at all times be cognizant of its own jurisdiction and sua sponte question whether it has jurisdiction over a person or the subject matter of an action," *id*. at 440. Moreover, when a court lacks subject matter jurisdiction, any action other than dismissal is void. *Id.*

## A. DOCKET NO. 315416

Redmond argues that the circuit court erred in determining that the district court lacked subject matter jurisdiction over Redmond's cause of action because the district court was required to retain jurisdiction unless there was a legal certainty that the amount in controversy, as determined by the complaint, exceeded the jurisdictional amount of the district court.

This Court recently decided the same legal issue regarding a consolidated appeal involving two cases with nearly identical pertinent facts. In *Moody*, this Court addressed the legal issue pertaining to "the jurisdiction of the district court under MCL 600.8301(1) when a plaintiff presents evidence and argument of damages far in excess of the district court's $25,000 amount in controversy jurisdictional limit." *Id*. at 419. The plaintiffs—Moody and Hodge—

both brought their actions in district court for first-party no-fault claims and presented proof of damages that were far in excess of the $25,000 district court subject matter jurisdictional limit. *Id.* at 419-426. This Court fully fleshed out the facts of Moody's case, but provided only a brief paragraph regarding Hodge. *Id.* at 425-426. It is clear from the facts, however, that Moody's complaint expressly stated that the " 'damages do not exceed $25,000.00,' " and that Moody sought " 'damages in whatever amount Plaintiff is found to be entitled not in excess of [$]25,000, plus interest, costs, and no-fault attorney fees.' " *Id.* at 420.

In interpreting MCL 600.8301(1), this Court rejected the argument that subject matter jurisdiction is determined by looking only to the allegations in the complaint and the prayer for relief and held:

> [T]he plain, ordinary, and legal meaning of "amount in controversy" under MCL 600.8301(1) is the amount the parties to a lawsuit dispute, argue about, or debate during the litigation. While the amount in controversy in a lawsuit will most often be determined by reviewing the amount of damages or injuries a party claims in his pleadings, the statute does not explicitly state this. . . . If the Legislature had intended to establish that the limits of the district court's jurisdiction were to be determined solely based on the amount demanded in the complaint, it could easily have done so, but it did not. Rather, the Legislature used the phrase "amount in controversy," which is the dollar value of the damages that are disputed in the lawsuit. Stated otherwise, it is the amount that the parties argue about, debate, or controvert. Here, Moody's pretrial discovery answers, the arguments of Moody's counsel before trial, and the presentation of evidence at trial, all showed that the amount in controversy in that case far exceeded the $25,000 subject matter jurisdiction of the district court. MCL 600.8301(1). Hodge similarly presented evidence of damages far exceeding the $25,000 subject-matter jurisdiction of the district court. Without subject matter jurisdiction over Moody's and Hodge's complaints, the only actions the district judges could have properly taken would have been to dismiss the cases, MCR 2.216(C)(4), or transfer them to the circuit court, MCR 2.227(A)(1). [*Moody*, 304 Mich App at 430-431, citing *Fox v Univ of Michigan Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002).]

This Court went on to reject the appellants' argument that the district court's subject matter jurisdiction can be determined by limiting judgment to the jurisdictional amount, stating that this position "is contrary to the long-standing rule adopted in *Strong*[5] of determining the subject-matter jurisdiction of the court by the amount in controversy before a trial and the determination of the facts by a judge or jury," *Moody*, 304 Mich App at 433, and emphasized this point by saying "magic words," *id.*, cannot confer jurisdiction and that the court must make its "jurisdictional determination *before* the fact finding of the trial has concluded," *id.* at 434

---

[5] *Strong v Daniels*, 3 Mich 466 (1855).

(emphasis in original). This Court affirmed the circuit court's ruling that, pursuant to MCL 600.8301(1), the district court lacked jurisdiction with regard to Moody's and Hodge's cases. *Id.* at 438.

Similarly, in Redmond's complaint, she specifically alleged that "[t]he amount in controversy is within the jurisdiction of this court because Plaintiff claims damages not in excess of $25,000.00," and stated that she sought "damages in whatever amount Plaintiff is found to be entitled not in excess of [$]25,000.00, plus interest, costs, and no-fault attorney fees." However, in Redmond's attorney's opening statement, he indicated that Redmond sought (1) lost wages for eight months of work at a job for which she was paid $18 per hour, (2) payment for "nursing-type care" provided by her mother, (3) payment for household services provided by her mother at a rate of $20 per day, and (4) payment of medical bills. Further, in explaining the verdict form to the jury after the close of proofs, Redmond's attorney discussed the dollar figures on the verdict form, explaining: (1) $14,000 should be paid for attendant care, (2) Redmond has over $14,000 in medical bills, (3) Redmond has over $39,000 of wage loss damages, and (4) $17,000 is appropriate for replacement services.[6]

In light of these facts, *Moody* is directly on point, and we are bound by this decision under the rule of stare decisis. MCR 7.215(C)(2).[7] Despite the statements in her complaint suggesting otherwise, Redmond "plainly claimed damages far in excess of the $25,000 'amount in controversy' limit of the district court's subject matter jurisdiction," *Moody*, Mich App at 437-438, and the district court was certainly made aware of this by Redmond's attorney's opening statement, presentation of proofs, and closing argument, *id.* at 430-431. Therefore, the district court knew the amount in controversy exceeded its jurisdictional limit before the jury made its factual findings, as was the case in *Moody*. *Id.* Thus, the district court was required to dismiss Redmond's complaint or transfer the matter to the circuit court, and its failure to do so renders its judgments void for want of subject matter jurisdiction. *Id.* at 431. The circuit court correctly recognized that Redmond's attorney's "opening statement demonstrates a presentation of claims in excess of the jurisdictional limit" and his "closing argument clearly expressed a request for damages far in excess of the district court's jurisdictional limit."[8] In light of *Moody*, we affirm

---

[6] In her brief on appeal, Redmond characterizes her several claims for various no-fault benefits as "alternative claims" and argues that the circuit court erred by concluding that presenting evidence of these alternative claims of injuries that exceeded $25,000 rendered the district court without subject matter jurisdiction over the action. However, the claims in Redmond's complaint were not pleaded as "alternative claims"; Redmond asserted the various damages she incurred as a result of the automobile collision and indicated that defendant has or is expected to refuse to pay these no-fault benefits.

[7] We offer no opinion about the issues raised by our concurring colleague, only to note, as he did, that the Supreme Court has granted leave in *Moody*. See *Moody v Home Owners Ins Co*, ___ Mich ___; 853 NW2d 331 (2014).

[8] Redmond also argues that the circuit court erroneously concluded that the district court lacked jurisdiction because Redmond improperly pleaded her complaint by being insufficiently definite in her claim of damages. While the circuit court did, in its analysis of the subject matter

the circuit court's opinion and order to the extent that it concluded that the district court lacked subject matter jurisdiction over Redmond's cause of action.

## B. DOCKET NO. 313413

Defendant argues that Destinee's Transportation's claims are derivative of Redmond's and are to be included within the total amount of benefits sought by Redmond against defendant—and, thus, the total amount in controversy—such that the district court also did not have subject matter jurisdiction over Destinee's Transportation's claims and the entire judgment was void and should have been set aside by the circuit court.

The threshold issue in this case is whether the district court had subject matter jurisdiction over Destinee's Transportation's action in light of the fact that the damages alleged by Destinee's Transportation alone were far below the $25,000 jurisdictional limit of the district court. This Court's decision in *Moody* involved a third consolidated case—that of Moody's providers—which involved the same central legal issue presented here and involved pertinent facts that are nearly identical to those in this case. In *Moody*, the providers argued that (1) because their combined claims did not exceed the $25,000 jurisdictional limit, they should be permitted to bring a direct claim against the defendant for no-fault benefits and (2) their claims could "be saved by severing them after the fact of trial and judgment from the extra-jurisdictional claims of Moody." *Id*. at 440. In affirming the circuit court's ruling that the district court lacked subject matter jurisdiction, this Court held that there was virtual identity between the providers' and Moody's claims and that the providers' claims were derivative of Moody's, such that consolidation for trial merged the claims for purposes of determining the amount in controversy and "the consolidated claims are the equivalent of a single plaintiff asserting multiple claims against a single defendant." *Id.* at 443. In reaching this holding, this Court explained:

> [T]he providers' claims are dependent on establishing Moody's claim that he suffered "accidental bodily injury arising out of the . . . use of a motor vehicle," MCL 500.3105(1), that they provided "reasonably necessary products, services and accommodations for [Moody's] care, recovery, or rehabilitation," MCL 500.3107(a), and that at the time of the accident, Moody was "domiciled in the same household" as his father who was insured by defendant Home Owners, MCL 500.3114(1). The providers' and Moody's claims with respect to the requisites of Home Owners liability are therefore identical. Because there is an identity between Moody's claims and those of the providers and because the claims were consolidated for trial, we consider them merged for purposes of determining the amount in controversy under MCL 600.8301(1). . . .

jurisdiction issue, assert that Redmond's claim was improperly pleaded pursuant to MCR 2.111(B)(2), the circuit court's overall conclusion that the district court lacked subject matter jurisdiction was based upon its conclusion that the damages requested by Redmond over the course of the trial—pointing specifically to Redmond's attorney's opening statement and closing argument—exceeded the $25,000 jurisdictional limit, not merely that the claim was improperly pleaded.

* * *

Here, there is virtual identity between the providers' and Moody's claims, and Moody could have brought all the claims in a single case in which a single judgment is entered. Indeed, it is Moody's claim against defendant Home Owners that the providers are allowed to assert because the no-fault act provides that "benefits are payable to or for the benefit of an injured person," MCL 500.3112. But the providers' PIP claims actually belong to Moody because the right to bring an action for personal protection insurance [PIP] benefits, including claims for attendant care services, belongs to the injured party. Thus, the injured party may waive by agreement his or her claim against an insurer for no-fault benefits, and a service provider is bound by the waiver. If an injured party waives a PIP claim, a service provider's remedy is to seek payment from the injured person. [*Id.* at 440-443 (first set of brackets and second set of ellipsis added, first set of ellipsis and remainder of brackets in original, some internal citations and quotation marks omitted).]

Similarly, Destinee's Transportation, a provider, sued defendant pursuant to MCL 500.3112 for no-fault benefits for the transportation services it rendered for the benefit of Redmond, the injured person, and this action was consolidated with Redmond's action in the district court. Because there is virtual identity between Destinee's Transportation's claims and Redmond's claims such that they all could have been brought in a single action involving a single judgment, and because these separately filed actions were consolidated in the district court, just as in *Moody*, we likewise conclude that these claims were merged for the purposes of determining the amount in controversy pursuant to MCL 600.8301(1). *Id.* Therefore, the entire judgment—including Destinee's Transportation's claims—is void for want of subject matter jurisdiction because it was clear before the jury made its factual findings that the consolidated claims exceeded the district court's $25,000 jurisdictional limit. *Id.* We reverse the circuit court's opinion and order to the extent that it concluded that the district court had subject matter jurisdiction over Destinee's Transportation's claims, and we vacate the district court's judgment regarding these claims and order regarding Destinee's Transportation's attorney fees because they are void.

Because we have concluded that the district court lacked the requisite subject matter jurisdiction over Destinee's Transportation's claims and its judgments regarding these claims are void, we need not reach defendant's substantive issues as they are now moot because a judicial determination regarding these issues would not have any practical legal effect. *Id.* at 446. Moreover, because these moot issues are not matters of public significance that are likely to recur and evade review, we are not compelled to review them. *Id.*; *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

In Docket No. 315416, we affirm the circuit court's opinion and order to the extent that it concluded that the district court lacked subject matter jurisdiction over Redmond's claims. In Docket No. 313413, we reverse the circuit court's opinion and order to the extent that it concluded that the district court had jurisdiction over Destinee's Transportation's claims, and we vacate the district court's judgment regarding Destinee's Transportation's claim and order

regarding Destinee's Transportation's attorney fees because they are void for want of subject matter jurisdiction.

No costs to either side.  MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Kathleen Jansen