# STATE OF MICHIGAN

# COURT OF APPEALS

---

BIN KANG, PHD,

      Plaintiff-Appellant,

v

REGENTS OF THE UNIVERSITY OF
MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
January 22, 2015

No. 318221
Washtenaw Circuit Court
LC No. 13-000283-CK

---

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(4). For the reasons set forth in this opinion, we affirm.

Plaintiff worked as a post-doctoral research fellow from September 1, 2000 to December 31, 2001, in the laboratory of Doctor Jianming Li in the Department of Biology at the University of Michigan. On January 25, 2002, plaintiff and the University entered into a contract whereby the University agreed that any publication containing certain results and materials that plaintiff produced would list plaintiff as an author of the publication. Plaintiff alleged that, in 2007, Li approved a dissertation by Hao Wang that contained plagiarized and unattributed materials of plaintiff's. Plaintiff submitted a complaint to the University in February 2009, but the Dean of the Graduate School, Janet A. Weiss, stated that Wang had not engaged in academic or ethical wrongdoing. Wang was, however, required to add an addendum to her dissertation acknowledging plaintiff's contribution to her work. In addition, plaintiff alleged that Li published an abstract and two articles that contained plaintiff's materials, but failed to give plaintiff credit for his work.

On March 11, 2013, plaintiff in propria persona filed a complaint in Washtenaw Circuit Court against defendant alleging breach of contract, fraud, misrepresentation, and retaliation. On July 16, 2013, defendant moved the trial court for summary disposition under MCR 2.116(C)(4). Defendant argued that the Court of Claims has exclusive jurisdiction over claims against a state agency such as defendant; therefore, the trial court could do nothing but dismiss the claim. On August 9, 2013, plaintiff moved the trial court under MCR 2.118(A)(2) for leave to amend his complaint to remove defendant as a defendant and add Li, Wang, and Weiss as defendants. The

trial court denied plaintiff's motion for leave to amend and granted defendant's motion for summary disposition.

At all relevant times, MCL 600.6419(1)(a) provided that the jurisdiction of the Court of Claims, as conferred by statute, is exclusive and "the court has power and jurisdiction: to hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Pursuant to MCL 600.6419, a complaint against the state can only be filed in the Court of Claims. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 773-774; 664 NW2d 185 (2003). This rule applies to claims against the board of regents of the University of Michigan. *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 241; 134 NW2d 146 (1965). Accordingly, a complaint against the regents of the University of Michigan can only be filed in the Court of Claims. *Id.* Therefore, a circuit court has no subject-matter jurisdiction over a claim filed against the regents of the University of Michigan. *Id.* at 242. "When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Id.* The only action a court can take on a claim over which it has no jurisdiction is to dismiss the action. *Id.* at 243.

On appeal, plaintiff argues that he should have been allowed to amend his complaint to add additional parties. However, dismissal was the trial court's only option, it was not able to grant plaintiff's motion for leave to amend his complaint. *Id.* Therefore, the trial court did not abuse its discretion in denying plaintiff's motion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008). Indeed, the trial court did not have discretion to grant plaintiff's motion. *Fox*, 375 Mich at 243.

Further, under MCR 2.116(C)(4), summary disposition is appropriate where "[t]he court lacks jurisdiction on the subject matter." MCR 2.116(C)(4). As shown *supra*, the trial court did not have subject-matter jurisdiction over plaintiff's claim. *Fox*, 375 Mich at 242. Therefore, the only action the trial court could take with regard to plaintiff's claim was to dismiss it for lack of jurisdiction. *Id.* at 243. Thus, the trial court did not err in granting defendant's motion for summary disposition under MCR 2.116(C)(4). *Id.*

Affirmed. Defendant having prevailed may tax costs. MCR 7.219.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

-2-