*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL MCGRATH,

        Plaintiff-Appellee,

UNPUBLISHED
June 16, 2022

v

JULIA BRESSETTE,

        Defendant-Appellant.

No. 358965
Leelanau Circuit Court
LC No. 21-010665-DC

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

This is an interlocutory appeal in a child-custody action filed in Leelanau Circuit Court. Defendant moved to dismiss the complaint, arguing that the Grand Traverse Band of Ottawa and Chippewa Indians Tribal Court (the Tribal Court) possessed superior jurisdiction. The circuit court denied the motion. After granting leave to appeal,[1] we reverse and remand.

## I. FACTS

Plaintiff commenced this action in circuit court to establish custody, support, and parenting time in connection with the parties' several minor children.[2] The caption of plaintiff's complaint reflects as follows:

> There is a pending action in the family division of the Tribal Court for the Grand Traverse Band of Ottawa and Chippewa Indians, that being case number 2021-3268-CV-CW, between the parties who are the parties to this action and are the subject of this Complaint.

---

[1] *McGrath v Bressette*, unpublished order of the Court of Appeals, entered January 26, 2022 (Docket No. 358965).

[2] Apparently, the parties were never married, but plaintiff's paternity is not contested.

The body of the complaint adds that, "[p]ursuant to an Order in that case, the children are removed from the care of Defendant Mother and placed in the care of Father." Defendant admits that the action in the Tribal Court was a child-protective one.[3] In this case, defendant, in lieu of answering, filed a limited appearance through counsel in order to move the circuit court to dismiss on the ground that it lacked jurisdiction.

At the hearing on the motion, defendant's counsel asserted that the parties were enrolled members of the Grand Traverse Band of Ottawa and Chippewa Indians (the Tribe), that the subject children "are all either enrolled or eligible for enrollment," and that "[t]hey all live on the reservation." Counsel argued that the circuit court lacked jurisdiction over the custody matter because a custody proceeding was pending in the Tribal Court at the time plaintiff filed his complaint, citing the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* Counsel further argued that "the laws of the state of Michigan do not reach into . . . reservation territory over reservation matters," such that the circuit court lacked even concurrent jurisdiction with the Tribal Court.

When the circuit court asked if the child-protective proceeding was still pending in the Tribal Court, counsel for defendant answered that "[i]t was dismissed yesterday with prejudice," but argued that "it was pending at the time that this complaint was filed, which is what the UCCJEA looks at."

Counsel for plaintiff stated that plaintiff filed the custody case in circuit court at the "urging and direction" of Tribal authorities, who encouraged him to do so in order that the circuit court "could enter custody orders that would then make the abuse and neglect matter a [moot] point," and that "[t]hat's why that case was dismissed yesterday."

Counsel for defendant encouraged the circuit court to contact the Tribal Court. According to defense counsel, the Tribal Court "made it crystal clear that tribal law applies to tribal members on the tribal reservation in tribal court" and "would absolutely be ready to accept this jurisdiction." Counsel for plaintiff agreed that communication between the judges was in order. The circuit court stated that it would call the Tribal Court and then issue an order on the motion to dismiss.

A few days after the hearing, the circuit court entered an order denying defendant's motion to dismiss. The order stated in part that:

A conversation between [the circuit court] and [the Tribal Court judge] occurred on September 16, 2021. This Court sent the [Tribal Court] a copy of all the pleadings filed herein along with the citations offered by Defendant during oral argument regarding the issue of [the Tribe] having exclusive jurisdiction. On September 22, 2021 [the Tribal Court judge] indicated via email that the [Tribal Court] does not

---

[3] Not in dispute is that this child-protective proceeding was a child-custody proceeding for present purposes. See MCL 722.1102(d) (defining "child-custody proceeding" as "a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue," including "a proceeding for . . . neglect, abuse, dependency, guardianship, . . . termination of parental rights, and protection from domestic violence, in which the issue may appear").

-2-

have exclusive jurisdiction and has no concerns regarding the matter proceeding in the state court. On September 28, 2021, [the Tribal Court judge] also reported via email to this Court that the [Tribal Court] would not be a more appropriate forum.

The circuit court added that "[i]t would be presumptuous of this Court to challenge [the Tribal Court's] determination that the [Tribal Court] does not have exclusive jurisdiction," noted that "there is no longer any case pending in the [Tribal Court]," and opined that "witnesses would not be inconvenienced by traveling to the Leelanau Government Center versus the [Tribal Court] as they are approximately 6 miles apart." The order declared that the "Leelanau County Circuit Court, Family Division will maintain jurisdiction and conduct all proceedings in this filing."

A few days later, the circuit court entered an order regarding custody and parenting time.

On appeal, defendant argues that the circuit court erroneously exercised operational jurisdiction in this matter because a related proceeding was pending in the Tribal Court when the instant action commenced. She also argues that the circuit court erroneously exercised personal jurisdiction over defendant and the subject children, whose home state was the Tribe, not the state of Michigan.

## II. ANALYSIS

"Courts are bound to take notice of the limits of their authority[.]" *Fox v Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965) (quotation marks and citation omitted). The existence of jurisdiction presents a question of law that this Court reviews de novo. *Adams v Adams*, 276 Mich App 704, 708-709; 742 NW2d 399 (2007). Issues of statutory interpretation are also reviewed de novo. *Thompson v Thompson*, 261 Mich App 353, 358; 683 NW2d 250 (2004).

The parties agree that neither the federal Indian Child Welfare Act, 25 USC 1901 *et seq.*, nor the Michigan Indian Family Preservation Act, MCL 712B.1 *et seq.*, comes into play in this case. The parties likewise agree that the issue is whether, under the UCCJEA, the circuit court erred by exercising jurisdiction after a custody case had been commenced in the Tribal Court, and whether the court erred by making an initial custody determination without articulating a basis for concluding that Michigan was the children's home state, or that the Tribal Court had effectively yielded its jurisdiction. We answer both questions in the affirmative, and each answer provides an independent ground for reversal.

### A. INITIAL DETERMINATION

MCL 722.1201(1) provides "the exclusive jurisdictional basis for making a child-custody determination by a court of this state." MCL 722.1202(2). The inquiry under that statute involves determining the home state of the subject children. "Home state" for this purpose is defined as

the state in which a child lived with a parent or person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with a parent or person acting as a parent.

A period of temporary absence of a parent or person acting as a parent is included as part of the period. [MCL 722.1102(g).]

MCL 722.1104(2) directs Michigan courts to "treat a tribe as a state of the United States." A "[t]ribe" is "an Indian tribe or band, or Alaskan native village, that is recognized by federal law or formally acknowledged by a state." MCL 722.1102(q). By all accounts, the Grand Traverse Band of Ottawa and Chippewa Indians is a federally recognized tribe.

MCL 722.1201(1) provides:

Except as otherwise provided in [MCL 722.1204[4]], a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under [MCL 722.1207[5] or MCL 722.1208[6]] and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under [MCL 722.1207 or MCL 722.1208].

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

---

[4] MCL 722.1204 concerns temporary emergency jurisdiction.

[5] MCL 722.1207 sets forth the bases upon which a court of this state having jurisdiction over a custody matter may nonetheless decline to exercise it in deference to another forum.

[6] Under MCL 722.1208, a court must decline to exercise its jurisdiction when a person invoking its jurisdiction has engaged in unjustifiable conduct, except under specified circumstances.

In this case, plaintiff, in his complaint, listed several addresses for the children, all in Michigan but for one in Minnesota, but did not specify whether those residences were on Tribal land. Plaintiff further asserted that "Michigan is the home state of the minor children as they have resided in Michigan for at least 180 days prior to the commencement of this proceeding," and that "[t]his Court has both subject matter jurisdiction over this proceeding and personal jurisdiction over the parties and their minor children," while saying nothing of Tribal jurisdiction. In contrast, defendant asserted at the hearing on the motion to dismiss that she and plaintiff were enrolled members of the Tribe, that the subject children "are all either enrolled or eligible for enrollment," and that "[t]hey all live on the reservation," and argued that the circuit court lacked even concurrent jurisdiction with the Tribal Court. If defendant's representations are correct, it would appear that the Tribe, rather than Michigan, is the children's home state.

If the Tribe is the children's home state, MCL 722.1201(1)(a) itself expressly does not confer jurisdiction on the circuit court. In that event, however, the circuit court may exercise jurisdiction under MCL 722.1201(1)(b) if the Tribe declines to exercise jurisdiction on the ground that the circuit court is the *more appropriate forum*, and if the circuit court finds that the children and at least one parent have a significant connection with Michigan "other than mere physical presence" within its borders, and also that substantial evidence concerning the children's care and personal relationships is available in Michigan. MCL 722.1201(1)(b).

But the circuit court offered no express findings concerning the children's home state. Defendant argues that the court impliedly found that Michigan was the home state by having exercised jurisdiction. We observe, however, that the circuit court impliedly recognized the Tribe as the home state, having contacted the Tribal Court with an apparent willingness to defer to the Tribal Court should the latter wish to maintain, or reclaim, jurisdiction. The circuit court's actions thus do not clarify by implication whether that court made a "home state" determination.

The circuit court also articulated no factual findings regarding whether the children or parents had significant connections with Michigan, or whether substantial evidence concerning the children was available in Michigan. And the Tribal Court, according to the circuit court, did not indicate that the Tribal Court dismissed its own custody-related case specifically because of a finding that the circuit court was the more appropriate forum.

For these reasons, we conclude that there is an insufficient factual record from which to evaluate the propriety of the circuit court's decision to exercise personal jurisdiction in this case. "[I]n general, the remedy for a failure to make proper findings of fact . . . is to remand the case to the trial court for a reevaluation of the relevant factors." *Cheesman v Williams*, 311 Mich App 147, 160; 874 NW2d 385 (2015), citing the Child Custody Act, MCL 722.21 *et seq.*

We also conclude that the circuit court erroneously exercised its operational jurisdiction in this case because the record does not indicate that the Tribal Court dismissed the related proceeding before it because of a determination that the circuit court would offer the more convenient forum.

MCL 722.1206 provides, in pertinent part:

(1) Except as otherwise provided in [MCL 722.1204], a court of this state may not exercise its jurisdiction under this article if, at the time of the

-5-

commencement of the proceeding, a child-custody proceeding has been commenced in a court of another state having jurisdiction substantially in conformity with this act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under [MCL 722.1207].

(2) Except as otherwise provided in [MCL 722.1204], before hearing a child-custody proceeding, a court of this state shall examine the court documents and other information supplied by the parties . . . .  If the court determines that, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act, the court of this state shall stay its proceeding and communicate with the court of the other state.  If the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the child-custody proceeding.

The timing of the filing of the custody action in the circuit court, while a child-protective proceeding was pending in the Tribal Court, did not itself deprive the circuit court of operational jurisdiction under MCL 722.1206(1) because of the statute's exception for when "the proceeding has been terminated," as was the case here.  Of concern, however, is the qualification that, for such purposes, the foreign-state proceeding was "terminated or stayed by the court of the other state because a court of this state is *a more convenient forum*."  (Emphasis added.)  The record in this case includes no finding below that the circuit court was a more convenient forum than was the Tribal Court.

Plaintiff argues that the lack of a finding that the circuit court was the more convenient forum is not problematic because MCL 711.1206(1) sets forth "two things" as exceptions to its prohibition of the exercise of jurisdiction when a custody proceeding has been commenced in another state: "(1) termination of the proceeding or (2) stay of the proceeding because the state forum is more convenient."  Plaintiff thus argues that the qualification "because a court of this state is a more convenient forum" applies only when the proceeding has been stayed, not when it has been terminated.  We disagree.  The lack of a comma separating "the proceeding has been terminated" from "or is stayed" indicates that the qualification "because a court of this state is a more convenient forum" applies to both.  Comporting with this reading is the provision in MCL 722.1201(1)(c) that includes, among the circumstances that must be present for a state court to make an initial custody determination, that "a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum," without concern for whether the decision not to exercise jurisdiction took the form of an initial decision, or a subsequent dismissal *or* stay of proceedings.  Further, there is no logical reason for MCL 711.1206(1) to distinguish "terminated" from "stayed" such that only the latter eventuality conditions allowing a state court to proceed upon a finding that the state forum is the more convenient one.  For these reasons, we conclude that, although the circuit court correctly recognized that the Tribal Court, having "terminated" its child-protective case, removed that action as an absolute bar to the circuit court's exercise of jurisdiction under MCL 711.1206(1), the circuit court erred by failing to recognize that the statute conditioned that effect on the Tribal Court terminating its case specifically "because a court of this state is a more convenient forum."

-6-

As noted earlier, the circuit court reported that the Tribal Court judge "indicated via email that the Grand Traverse Band does not have exclusive jurisdiction and has no concerns regarding the matter proceeding in the state court," and "also reported via email to this Court that the [Tribal Court] court would not be a more appropriate forum."

The circuit court's reliance on its informal communications with the Tribal Court judge is itself problematic because no record of those communications was made available to the parties. MCL 722.1206(2) calls for "the court of this state" to "communicate with the court of the other state." MCL 722.1110 governs such communications, providing as follows:

(1) A court of this state may communicate with a court in another state concerning a proceeding arising under this act.

(2) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, the parties shall be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.

(3) A communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of that communication.

(4) Except as provided in subsection (3), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

(5) For the purposes of this section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. Record includes each of the following:

(a) Notes or transcripts of a court reporter who listened to a conference call between the courts.

(b) An electronic recording of a telephone call.

(c) A memorandum or electronic record of a communication between the courts.

(d) A memorandum or electronic record of a communication between the courts that a court makes after the communication.

In this case, the lower court file contains no record of the circuit court's communications with the Tribal Court judge beyond what the circuit court described in its order denying the motion to dismiss.

Regardless, taking the circuit court's account at face value for present purposes means acknowledging that the Tribal Court unhesitatingly deferred to the circuit court's jurisdiction, disclaimed the Tribal Court's exclusive jurisdiction, and stated that the Tribal Court was not the

-7-

more appropriate forum, thus seemingly implying that the two tribunals had concurrent jurisdiction, but stopped short of opining that the circuit court presented the *more convenient* forum. Nor did the circuit court endeavor to fill in that blank, having opined that "witnesses would not be inconvenienced by travelling to the Leelanau Government Center versus the [Tribal Court] as they are approximately 6 miles apart," without implying that the circuit court offered the forum of *greater* convenience for anyone involved in the case.

For these reasons, we conclude that the circuit court exercised jurisdiction in violation of MCL 722.1206(1) because, although (we are told) the custody-related action earlier commenced in the Tribal Court had been terminated, the record does not indicate that it was terminated specifically because the Tribal Court found that the circuit court offered the more convenient forum.

Accordingly, we vacate the circuit court's orders respectively denying the motion to dismiss and setting forth an initial custody determination. We remand this case to the circuit court with instructions to make proper findings, reevaluate the relevant factors, and decide anew whether it had personal jurisdiction over defendant and the children, and, if appropriate, to issue a new initial custody determination and otherwise proceed with the case.

Reversed and remanded. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates