*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS EBORKA,

      Plaintiff-Appellant,

v

UNIVERSITY OF MICHIGAN and UNIVERSITY
OF MICHIGAN-FLINT,

      Defendants-Appellees.

UNPUBLISHED
February 12, 2025
11:12 AM

No. 367559
Washtenaw Circuit Court
LC No. 23-000815-CZ

Before: BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order granting defendants' motion for summary disposition under MCR 2.116(C)(4). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

During the spring of 2020, while plaintiff was a student at the University of Michigan-Flint, he received a grade in a chemistry course with which he was not satisfied. In 2023, plaintiff filed a two-sentence complaint in the Washtenaw Circuit Court alleging that defendants had refused to award him with his "legitimate grade of A," and asked the circuit court to compel defendants to change his grade.

Defendants moved for summary disposition under MCR 2.116(C)(4), arguing that the circuit court lacked subject-matter jurisdiction because plaintiff's claim was under the exclusive jurisdiction of the Court of Claims. After a hearing, the circuit court granted the motion and dismissed the case. This appeal followed.[1]

---

[1] After filing his claim of appeal, plaintiff filed motions in this Court for emergency relief, relief under MCR 7.216(6) and (7), and for peremptory reversal. These motions were denied, as were the motions for reconsideration that followed. Plaintiff unsuccessfully sought leave to appeal the

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Hubbard v Stier*, 345 Mich App 620, 625; 9 NW3d 129 (2023). "When reviewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020) (quotation marks and citation omitted). "Moreover, we review jurisdictional questions under MCR 2.116(C)(4) de novo as questions of law." *Durcon Co v Detroit Edison Co*, 250 Mich App 553, 556; 655 NW2d 304 (2002). "This Court also reviews de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature." *McKenzie*, 332 Mich App at 296 (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the circuit court erred by determining that it lacked jurisdiction. We disagree.

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine case." *Id*. "Michigan's circuit courts are courts of general jurisdiction and derive their power from the Michigan Constitution." *Id*. at 296-197. The Michigan Constitution, in pertinent part, provides as follows:

> The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court. [Const 1963, art 6, § 13.]

Summary disposition is appropriate under MCR 2.116(C)(4) when a circuit court lacks subject-matter jurisdiction.

MCL 600.6419(1)(a) provides that the Court of Claims has exclusive jurisdiction "[t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding

---

denial of his motion for peremptory reversal to the Michigan Supreme Court. See *Eborka v Univ of Mich*, unpublished orders of the Court of Appeals, entered February 1, 2024, February 22, 2024, May 17, 2024, July 9, 2024, and July 30, 2024 (Docket No. 367559); see also *Eborka v Univ of Mich*, 4 NW3d 483 (2024), *Eborka v Univ of Mich*, 11 NW3d 510 (2024), and *Eborka v Univ of Mich*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 167398) (denying reconsideration).

another law that confers jurisdiction of the case in the circuit court." See also *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 773; 664 NW2d 185 (2003). This provision applies to claims against the University of Michigan's Board of Regents.[2] *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 241; 134 NW2d 146 (1965). Because plaintiff's claim was a demand to compel the University of Michigan to change his grade, the Court of Claims had exclusive jurisdiction. See *id*.; see also MCL 600.6419(1)(a).

"When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox*, 375 Mich at 242-243. Therefore, because the circuit court lacked subject-matter jurisdiction over plaintiff's claim, dismissal was required. See *id*. at 242-243; see also MCR 2.116(C)(4). The circuit court did not err by granting defendants' motion for summary disposition. *Hubbard*, 345 Mich App at 625.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado

---

[2] Although plaintiff named the University of Michigan and the University of Michigan-Flint as defendants in this case, the University of Michigan Board of Regents is the entity associated with those institutions that possesses the right to sue and be sued. See MCL 390.4. Had plaintiff filed his action in the correct court, his failure to name the Board of Regents could likely have been rectified via amendment of his complaint. Accordingly, for the purposes of this appeal only, we will treat plaintiff's complaint as though the proper legal entity had been named.